## Ex parte DAVIS.

(Circuit Court, D. Florida. December 6, 1901.)

1. ATTORNEYS—PUNISHMENT FOR CONTEMPT—FEDERAL STATUTE.
   An attorney of one of the courts of the United States is an officer of such court, and within the provision of Rev. St. § 725, which authorizes such courts to punish for contempt "the misbehavior of any of the officers of said courts in their official transactions." [1]

2. HABEAS CORPUS—MATTERS REVIEWABLE—CONTEMPT PROCEEDINGS.
   Where a court has jurisdiction to hear and decide whether a person was guilty of contempt, and, if found guilty, to impose punishment therefor, its finding against such person cannot be reviewed on a writ of habeas corpus.

3. CONTEMPTS—SENTENCE IN EXCESS OF AUTHORITY—RELIEF BY HABEAS CORPUS.
   Under Rev. St. § 725, which authorizes a court of the United States to punish contempts "by fine or imprisonment at the discretion of the

[1] Liability of attorneys for contempt, see note to Anderson v. Comptors, 48 C. C. A. 7.

court," a court has no power to impose both a fine and imprisonment; but where it has done so, and directed that the person adjudged guilty of contempt shall be imprisoned for a specified time and until he pays the fine imposed, such person is not entitled to a discharge on a writ of habeas corpus until he has either served the term of imprisonment or paid the fine.

In Chambers.    Proceedings on writ of habeas corpus.

The petition setting forth the commitment and detention of the relator charges that his detention is illegal on the following grounds:

(1) That the commitment under which your petitioner is held is illegal and void. (2) That the court was without jurisdiction or power to sentence your petitioner in the premises. (3) That the motion upon which the proceedings were had was not sworn to or verified. (4) That the said motion does not charge petitioner with contempt either directly or by implication. (5) Because by the said motion it appears that petitioner only did that which he was authorized to do as an attorney at law in behalf of his clients. (6) Because there is no allegation that the acts done by him as alleged in said motion were done wrongfully or with improper motives. (7) Because the commitment is irregular, in that it is not directed to the keeper of the county jail of Escambia county, but only to the United States marshal for the Northern district of Florida. (8) Because the said commitment does not set forth such acts of petitioner as in law amount to contempt of court. (9) Because it appears therefrom that the said court has punished as a contempt an act of petitioner which in law is not contempt. (10) Because the facts set forth in said commitment do not constitute a contempt of court. (11) Because the acts of petitioner set forth and related in said commitment were legal and proper. (12) Because it is not alleged in said commitment that the acts of petitioner were contrary to right. (13) Because it does affirmatively appear that the acts set forth in said commitment, and that by the said court were held to be contempt, were done and performed by petitioner in the proper and just discharge of his duty as an attorney at law. (14) Because it is not alleged in said motion or commitment that the action of petitioner tended, in its operation, to degrade or make impotent the authority of the court. (15) Because it is not alleged in said motion or commitment that the action of petitioner tended in any manner to impede or embarrass the due administration of justice. (16) Because there is no allegation in said motion or commitment that petitioner intentionally committed the said alleged contempt. (17) Because, from the motion filed, it is apparent that no contempt was intended.

The writ having issued, the keeper of the prison makes return that he holds the relator by virtue of the following commitment:

United States of America, Circuit Court of the United States, Fifth Circuit, Northern District of Florida.

The President of the United States to the Marshal of the United States for the Northern District of Florida, Greeting: Whereas, at a session of the circuit court of the United States for the Fifth circuit, and Northern district of Florida, held at the city of Pensacola, in said circuit and district, on the 11th day of November, 1901, a rule to show cause why he should not be punished for contempt of the said court was duly made and entered by the said court against Ezra T. Davis for causing and procuring, as attorney of the circuit court of Escambia county, Florida, a summons in ejectment, wherein Florida McGuire was plaintiff and the Honorable Charles Swayne was defendant, to be issued from the said court and served upon the said judge of this court, to recover the possession of block 91, Cheveaux tract, in the city of Pensacola, Florida,—a tract of land involving a controversy in ejectment then depending in the said circuit court of the United States in a case wherein the said Florida McGuire was plaintiff and the Pensacola City Company and others were defendants,—upon the grounds: (1) That the said suit in ejectment against the judge of this court was instituted after

a petition to this judge to recuse himself in the said case of Florida McGuire v. The Pensacola City Company and Others had been submitted to the court on November 5, 1901, and denied, and after the said judge had said in open court, and in the presence of the said ——— that the allegation of the said petition that he, or some member of his family, were interested in or owned property in said tract, was untrue, and had stated that he had refused to permit a member of his family to buy land in said tract because the said suit by Florida McGuire, involving the title to said tract, was in litigation before him, the said judge. (2) That after the said declaration of the said judge the said counsel was aware that neither the said judge, nor any member of his family, were the owners of or interested in any part whatever of the said tract, and had no reason to believe that he or they were so interested, and knew or could easily have known that the said block was not in the possession or control of any one, but was entirely unoccupied. (3) That the said suit was instituted against the said judge on Saturday night, the 9th instant, after six o'clock, and after the court had overruled the motion of said attorneys to postpone the trial of the said cause of Florida McGuire v. Pensacola City Company and Others for a week or more, and after the said judge had announced to the counsel aforesaid that he would call the case for trial on Monday, November 11, 1901, and would then try the case, unless counsel for plaintiff made a showing why he should not so try, and the said counsel had announced that they would make such showing. (4) That the said E. T. Davis was, before the institution of the said suit against the said judge, cognizant of all the facts herein set forth. Which charges were in violation of the dignity and good order of the said court, and a contempt thereof. And afterwards, to wit, on the 12th day of November, A. D. 1901, the said defendant, having been duly served with an order to show cause why he should not be punished for the alleged contempt aforesaid, which order was returnable at said time, was duly tried by the court, upon his answer and the evidence of witnesses, on the charges aforesaid in the said rule preferred, and a verdict of guilty was duly rendered by the said court against the said defendant Ezra T. Davis. And afterwards, on the same day, our said court, by reason of the verdict aforesaid of the said court, did duly sentence the said Ezra T. Davis to be imprisoned in the county jail of Escambia county, in the state of Florida, for and during the term and period of ten days from the 12th day of November, A. D. 1901, and further to pay a fine or penalty to the United States government of one hundred dollars, and that he stand committed until the term of said sentence be complied with, or until he be discharged by due course of law; the said jail being the place duly selected for the imprisonment of persons convicted of offenses against the laws of the United States, in the courts thereof, in said Northern district of Florida: Now, therefore, you, the said marshal, are hereby commanded forthwith to convey to the said jail at Pensacola, in the state of Florida, the body of the said Ezra T. Davis, and deliver him to the keeper thereof. And you, the said keeper, in the name of the president of the United States of America, are hereby commanded to receive the body of the said Ezra T. Davis, the person aforesaid, into your custody, and him, the said Ezra T. Davis, keep in the said jail of Escambia county, in the state of Florida, at Pensacola, for the full term and period of ten days from the 12th day of November, 1901, and until the said fine of one hundred dollars be paid, or until he be discharged by due course of law. Herein fail not, at your peril, and make due return of what you shall do in the premises and of this writ.

Witness the Honorable Melville W. Fuller, Chief Justice of the Supreme Court of the United States, and the seal of this court, at the city of Pensacola, in said district, this twelfth day of November, A. D. 1901.

F. W. Marsh, Clerk.

A. J. Murphy, for relator.
W. A. Blount, for respondent.

PARDEE, Circuit Judge (after stating the facts). Section 725 of the Revised Statutes of the United States reads as follows:

"The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts for their authority: provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, rule, decree or command of the said courts."

The relator is an attorney and counselor of the United States circuit court for the Northern district of Florida, and as such one of the officers of the court, within the intent and meaning of the above statute. As such officer, he was and is charged with conduct in and out of court which, if accompanied with malicious intent, or if it had the effect to embarrass and obstruct the administration of justice, was such misbehavior as amounted to contempt of court. To hear and decide whether the relator was guilty of such contempt, and, if found guilty, to punish him for such conduct, was clearly within the jurisdiction of the court; and, the court having exercised such jurisdiction and found the relator guilty of contempt, its finding against the relator cannot be reviewed on habeas corpus. In re Swan, 150 U. S. 637, 14 Sup. Ct. 225, 37 L. Ed. 1207. In United States v. Pridgeon, 153 U. S. 48, 62, 14 Sup. Ct. 751, 38 L. Ed. 637, the court says:

"Under a writ of habeas corpus the inquiry is addressed, not to errors, but to the question whether the proceedings and the judgment rendered therein are, for any reason, nullities; and, unless it is affirmatively shown that the judgment or sentence under which the petitioner is confined is void, he is not entitled to his discharge."

The court, having adjudged the relator in contempt, proceeded to sentence him to imprisonment in the county jail for a period of 10 days, and to pay a fine of $100. It is conceded that this sentence is beyond the jurisdiction of the court, which, under section 725, above quoted, is limited to power to imprison or to fine, but not both. But the question is whether the relator can complain of this sentence until he has performed that part which the court had power to impose. The court had power to impose a sentence of imprisonment in the county jail for 10 days; also had power to impose a fine of $100. Is the relator injured until he has either suffered the imprisonment or paid the fine? This question has been somewhat considered in the supreme court. In Re Swan, supra, the court says:

"It is further contended that the court exceeded its power, in that the payment of costs was required, because the costs were in the nature of a fine, and therefore the punishment inflicted was both fine and imprisonment. Under section 970 of the Revised Statutes, when judgment is rendered against a defendant in a prosecution for any fine or forfeiture he shall be subject to the payment of costs, and on every conviction for any other offense, not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution; and, as contempt of court is a specific criminal offense, it is said that the judgment for payment of costs would appear to be within the power of the court, although by section 725 it is provided that contempts of the authority of courts of the United States may be punished 'by fine or imprisonment, at the discretion of the court.' But, be that as it may, the sentence here was that the petitioner be imprisoned 'until he re-

turns to the custody of the receiver the barrel taken by him from the warehouse without warrant of law, and, when that has been surrendered, that he suffer a further imprisonment thereafter in said county jail for three months, and until he pay the costs of these proceedings.' As the prisoner has neither restored the goods, nor suffered the imprisonment for three months, even if it was not within the power of the court to require payment of costs, and its judgment, to that extent, exceeded its authority, yet he cannot be discharged on habeas corpus until he has performed so much of the judgment or served out so much of the sentence as it was within the power of the court to impose. Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787."

In Ex parte Pridgeon the court says:

"It may often occur that the sentence imposed may be valid in part and void in part, but the void portion of the judgment or sentence should not necessarily or generally vitiate the valid portion. Rev. St. § 761: 'The court, or justice, or judge, shall proceed in a summary way to determine the facts of the case [in habeas corpus] by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require.' There is no law or justice in giving to a prisoner relief under habeas corpus that is equivalent to an acquittal, when, upon writ of error, he could only have secured relief from that portion of the sentence which was void. In the present case the five-years term of imprisonment to which Pridgeon was sentenced cannot properly be held void because of the additional imposition of 'hard labor' during his confinement. Thus in Re Swan, 150 U. S. 553, 637, 14 Sup. Ct. 230, 37 L. Ed. 1211, it is stated that 'even if it was not within the power of the court to require payment of costs, and its judgment to that extent exceeded its authority, yet he cannot be discharged on habeas corpus until he has performed so much of the judgment or served out so much of the sentence as it was within the power of the court to impose.' "

Considering these authorities, and that this writ is sued out and is returned before one of the judges of the circuit court for the Northern district of Florida, it would seem to be proper to discharge this writ, leaving the relator to elect whether he will pay the fine or suffer the imprisonment, and then to seek relief from the balance of the sentence. Another course to follow would be to adjudge the sentence imposed to be beyond the law, and remand the relator to the circuit court of the Northern district of Florida, to be sentenced within the law for the contempt of which he has been adjudged guilty. The case shows that the relator has suffered some portion of the sentence of imprisonment. For this reason, and under all the circumstances of the case, I deem it best (and the relator cannot complain) to hold that, when the relator shall have satisfied either the imprisonment or fine adjudged against him, he will be entitled to his discharge.

For these reasons, the writ of habeas corpus herein sued out is discharged.

McCORMICK and SHELBY, Circuit Judges, heard the argument in this case, and concur in this opinion.