## TANNER v. UNITED STATES.
### No. 695.

Circuit Court of Appeals, Tenth Circuit.

Nov. 18, 1932.

Rehearing Denied Jan. 4, 1933.

Willard Hanson, of Salt Lake City, Utah, for appellant.

C. R. Hollingsworth, U. S. Atty., of Salt Lake City, Utah.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This case is one for contempt. The facts are: A member of the bar and officer of the court, Tanner, had been engaged in the trial of a case in the court of Judge Tillman D. Johnson in Utah. After the jury had returned a verdict for $12,000 and had been excused, Lawyer Tanner encountered a juror who had sat in the trial as a juror and proceeded to abuse Juror Anderson, a banker, for the small amount of damages awarded his client on the trial. This the juror resented and made complaint to the court, who, on a trial of the contempt matter, fined the lawyer Tanner one hundred dollars. He now appeals.

The principal contention of appellant is this: That the case in which the juror attacked had sat as a juror was concluded when the attack was made upon him. The court, in his findings of fact and conclusions of law, states, as follows:

"That on March 10 and 11, 1932, said George A. Anderson acted as one of the jurors in the trial before this court of the case entitled Paul O. Woody, Plaintiff, v. Utah Power & Light Company et al., Defendants;

"That about 3:45 o'clock, p. m. on March 11, 1932, the jury in said case returned a verdict in favor of the plaintiff and against the defendants in the sum of $12,000.00;

"That upon the jury in said case being discharged the said George A. Anderson left the court room and as he reached the stone steps leading into the Ogden Federal Building, wherein said court is held, he saw stand-

ing close by Mr. Woody the plaintiff and was approaching Mr. Woody when K. C. Tanner, one of the attorneys in said case for said Paul O. Woody, stepped toward said George A. Anderson and in a loud tone of voice said in substance and effect;

" 'Anderson that was a damn rotten verdict, don't you shake hands with Woody, that was the damnedest miscarriage of *verdict* I ever heard, this man will be on the county in four, years, it's a shame, we can easily see you are a banker 'and that money means more to you than human suffering, you are responsible for this verdict and you will answer for this.'

"That said George A. Anderson turned away from said K. C. Tanner and started eastward on 24th street toward the Eccles Building, a distance of one block from the said Ogden Federal Building, and that Mr. Tanner followed Mr. Anderson and repeated in substance the statements which he had made to Mr. Anderson when they were standing on the steps of the Ogden Federal Building. While so going toward the Eccles Building said George A. Anderson stopped and said to Mr. Tanner: 'Why do I have to listen to this?' to which Mr. Tanner answered in a loud voice:

" 'You will have to listen for this case has cost me $1000.'

"That in reply to the statement of said K. C. Tanner that the said Paul O. Woody would be on the county in four years the said George A. Anderson replied that that would depend upon how the attorneys of said Paul O. Woody treated him in reference to their fees.

"The court concludes and finds: That said K. C. Tanner is guilty of contempt of court.

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed:

"That said K. C. Tanner is guilty of contempt of court because of the matters and things hereinbefore set forth and that he be fined in the sum of $100 and the right of said K. C. Tanner to practice as an attorney or counsellor at law in this court is suspended until such payment is made. Provided he is given to and including March 26th, 1932, in which to make such payment.

"Dated March 23rd, 1932.

"Tillman D. Johnson, Judge.

"Filed March 23, 1932."

The statute (28 USCA § 385) under which the court proceeded to punish for the contempt reads as follows: "§ 385. (Judi-

cial Code, section 268.) *Administration of oaths; contempts.* The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority. Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

While the jury had returned a verdict in the Woody Case in which the juror had sat, he was still an officer of the court and would be called in subsequent cases. Appellant also was an officer of the court. The attack having been made by one officer of the court upon another because of the subject-matter of a trial concluded only so far as the return of a verdict by the jury, we are of the opinion while the attack was made outside of the courtroom and after the jury had returned its verdict, yet the case was still pending, and it was not only the right but the duty of the court to deal with the same. It is unthinkable a court should be so weak or supine, so wanting in constitutional power, as to not be able to protect its officers in the proper discharge of their sworn duty. That a juror, acting under his sworn duty in the administration of justice in one of our national courts, should be so basely accused and humiliated by an interested officer of the court, cannot be thought not to be included in the statutory law above quoted. No doubt jurors, if such conduct as is found in this record should go unpunished, would fear to do their sworn duty in an honest, impartial manner, as must be done in the administration of justice in our courts. We are of the opinion the judgment imposed for the offense by the attorney in this case was well within the statutory power conferred. Aside from this, the court was very moderate in his punishment, and for that the court is to be commended and not criticized for its timely action in this case.

While no authority directly in point is to be found, yet Bessette v. W. B. Conkey Co., 194 U. S. 324, 337, 24 S. Ct. 665, 48 L. Ed. 997; Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451; Ex parte Davis (C. C.) 112 F. 139;

6 Ruling Case Law, § 7, p. 494, appear to be in point in this case.

Finding no error in this record, the judgment must and will be affirmed.