## EX PARTE GORDON.

1. A writ of prohibition cannot issue from this court in cases where there is no appellate power given by law, nor any special authority to issue the writ.

2. Neither a writ of error, writ of prohibition, nor *certiorari*, will lie from this court to a Circuit Court of the United States, in a criminal case.

3. The only mode of bringing a criminal case into this court is upon a certificate of the judges of the Circuit Court that their opinions are opposed upon a question raised at the trial.

4 No party has a right to ask for such a certificate, nor can it be made consistently with the duty of the court, if the judges are agreed and do not think there is doubt enough upon the question to justify them in submitting it to the judgment of this court.

5. After a party has been convicted and sentenced in the Circuit Court for a criminal offence, and after a warrant is in the hands of the marshal, commanding him to execute the judgment, the Circuit Court itself has no power to recall it; and certainly this court, having no appellate power over the proceeding, cannot prohibit a ministerial officer from performing the duty which the Circuit Court has legally imposed upon him.

This was an application by Nathaniel Gordon for an alternative writ of prohibition to the judges of the Circuit Court of the United States for the southern district of New York, and its officers, and the United States marshal, to restrain them from further proceeding in a case wherein the said Gordon had been found guilty of piracy and sentenced to death; and also for a writ of *certiorari* commanding the judges to send up the papers, process, and all proceedings in the said cause, to

this court. The facts averred by the petitioner are substantially stated by the Chief Justice in the opinion of the court.

*Mr. Dean*, of New York, presented the petition and moved for an alternative writ of prohibition, and also for a *certiorari* to bring up the proceedings.

Mr. Chief Justice TANEY. Nathaniel Gordon has filed a petition to this court, stating that he has been indicted and convicted in the Circuit Court of the United States for the southern district of New York of the crime of piracy, under the act of Congress prohibiting the African slave trade, and sentenced to death by the court, and a warrant issued and placed in the hands of the marshal of that district, commanding him to carry the sentence into execution on the seventh day of this month; that there were irregularities and errors in the proceedings against him, and that he had moved for an arrest of judgment in the Circuit Court, which motion had been overruled; and had also moved to have the case certified to this court as upon a division of opinion, in order that the proceedings against him might be revised here, but this application had also been refused; that the President of the United States has granted him a respite of the sentence until the twenty-first day of this month, and he fears that it will be carried into execution on that day unless it is prevented by the interposition of this court; and, upon this statement, he, by his counsel, moves for an alternative writ of prohibition directed to the Circuit Court and its officers; and also for a *certiorari*, returnable at the same time, directing the Circuit Court to return the papers, process, and proceedings in the case.

This motion cannot be sustained. It appears by the statement in the petition, that the party has been tried, and found guilty of the crime of piracy, and sentenced to be executed by a court of the United States, possessing competent jurisdiction, and from whose judgment no appeal is allowed, by law, to this tribunal; for, in criminal cases, the proceedings and judgment of the Circuit Court cannot be revised or controlled here, in any form of proceeding, either by writ of error or pro-

hibition, and, consequently, we have no authority to examine them by a *certiorari*. And the only case in which this court is authorized even to express an opinion on the proceedings in a Circuit Court in a criminal case is, where the judges of the Circuit Court are opposed in opinion upon a question arising at the trial, and certify it to this court for its decision. But, certainly, the party had no right to ask for such a certificate, nor could it have been granted consistently with the duty of the court if the judges agreed in opinion, and did not think there was doubt enough to justify them in submitting the question to the judgment of this court.

But this motion asks the court to do even more than exercise an appellate power where none is given by law, for the case has now passed out of the hands of the court, and the warrant is in the hands of the marshal commanding him to execute the judgment of the court. The Circuit Court itself has not now the power to recall it, and, certainly, it would be without precedent in any judicial proceeding to prohibit a ministerial officer from performing a duty which the Circuit Court had a lawful right to command, and had by its process, regularly issued, commanded him to perform, and in a case, too, where no appellate power is given to this court to revise or control in any respect the judgment or proceedings of the Circuit Court. We are not aware of any case in which a similar motion has heretofore been made in this court in a criminal case. In a civil case, *Ex Parte Christie*, (3 How., 292,) a motion was made for a prohibition to be issued to the District Court of the United States for the district of Louisiana, to prohibit it from further proceedings in a certain case of bankruptcy then before it, upon the ground that it had transcended its jurisdiction in entertaining these proceedings. But this court was of opinion that it had not exceeded its jurisdiction, and the question as to its power to issue the writ was not necessarily involved in the decision of the case. In the conclusion of the opinion, however, after a very elaborate argument on the powers of the District Court, under the bankrupt law, the court said, (page 322,) that although the question was not absolutely necessary to be decided, yet they deemed it

proper to say, as the point had been fully argued, that this court possessed no revising powers over the decrees of the District Court sitting in bankruptcy; that the District Court had not interfered with, nor in any manner evaded or obstructed, the appellate authority of this court by its proceedings, and the court knew of no case where the court is authorized to issue a writ of prohibition to a District Court, except in the cases expressly provided for by the 13th section of the judiciary act of 1789—that is to say, where the District Courts are proceeding as courts of admiralty and maritime jurisdiction.

The result of this opinion is, that a prohibition cannot issue from this court in cases where there is no appellate power given by law, nor any special authority to issue the writ. We concur in this opinion, and the rule applies with equal force to the case before us as it did in the case referred to.

*Motion refused.*