UNITED STATES, appellant, *v.* McELROY, respondent.

CASE OVERRULED. The case of *The United States* v. *McElroy, ante,* 237, deciding that an appeal from the district court, in a case arising under the laws of the United States and perfected according to the requirements of the Civil Practice Act, was irregular and unauthorized, is hereby overruled.

CONSTRUCTION OF ORGANIC ACT — *ninth section — appeals — in all cases —"same as in other cases"— different jurisdictions.* The ninth section of the Organic Act of the Territory allows appeals in *all* cases from the final decision of the district court to the supreme court, under such regulations as may be prescribed by law. Appeals being allowed in cases wherein the district court exercises the jurisdiction of the United States district and circuit courts, "the same as in other cases," this must, of necessity, refer to Territorial cases, and hence the Civil Practice Act applies to every class of cases that may arise under any jurisdiction the court can exercise.

EMBEZZLEMENT — *fiduciary capacity — conversion — direct averments.* To constitute the crime of embezzlement, the elements of the fiduciary relation and the conversion are essential, and each must be covered by direct averments and not left to implication, or the indictment will be demurrable.

THE original case is reported, *ante,* 237.

M. C. PAGE, United States District Attorney, for appellant.

SHARP & NAPTON, for respondent.

WADE, C. J. This cause is before us on motion for rehearing. The action is one arising under the laws of the United States;

and the appeal to this court was taken and perfected in pursuance of the Territorial practice under the Practice Act. In the decision rendered, *ante*, 237, it was held that the Territorial practice regulating appeals was inapplicable to the case, and that the appeal should have been taken, in pursuance of the laws of the United States regulating appeals, from the circuit courts to the supreme court. The decision does not seem to have been well considered, and the reasons for it are unsatisfactory. We have therefore had the case again under advisement.

The Organic Act of the Territory, after declaring that the supreme and district courts respectively shall possess chancery and common-law jurisdiction, provides that "writs of error, bills of exceptions and appeals shall be allowed in all cases, from the final decisions of said district courts to the supreme court, under such regulations as may be prescribed by law. Organic Act, § 9.

Under the authority herein granted, the legislature, in adopting the Code of Civil and Criminal Procedure, provided for and regulated the mode of taking appeals from the district to the supreme court. The same section of the Organic Act then provides: "And each of the said district courts shall have and exercise the same jurisdiction in all cases arising under the constitution and laws of the United States, as is vested in the district and circuit courts of the United States; * * * and writs of error and appeal in all such cases shall be made to the supreme court of said Territory, *the same as in other cases.*"

Difference of opinion has arisen as to the application of the phrase, "the same as in other cases." What other cases are referred to? The solution of this question will determine whether appeals from the district courts to the supreme court of the Territory, in causes arising under the constitution and laws of the United States, shall be taken, in pursuance of the Territorial practice, as established in the Practice Act, or whether such appeals shall be taken, in such cases only, and in the manner provided for appeals, from the circuit courts of the United States to the supreme court.

It will be seen that the section of the Organic Act provides first for appeals in *all* cases tried in the district court to the supreme court; and no construction should be put upon the

language of the section that defeats the right of appeal in any case or in any class of cases. The section then provides for appeals in cases arising under the laws of the Territory; then enlarges the jurisdiction of the Territorial district courts so as to authorize such courts to hear and determine all causes arising under the constitution and laws of the United States; and then provides that appeals in such cases shall be made to the supreme court of the Territory, " the same as in other cases." The only other cases in which the section attempts to direct in what manner appeals shall be taken are cases arising under the laws of the Territory, and it follows, therefore, that the phrase " other cases " refers to Territorial cases.

Having provided for appeals generally, and then directing that appeals in certain specified cases shall be taken the same as in other cases, the particular appeals authorized must fall within the provisions of the general rule.

It is evident that the phrase " other cases " does not refer to appeals from the circuit courts of the United States to the supreme court, for such appeals are only allowed in certain cases and never in criminal cases.

Having given the right of appeal absolutely and without exception, in all cases tried in the Territorial district courts, the term " other cases " cannot refer to appeals from the circuit courts of the United States, for no appeal can be taken in that court *in any criminal case.*

It has been decided that the supreme court of the United States possesses no appellate jurisdiction in any form in criminal cases, no such power having been confided to it by congress. *United States* v. *More,* 3 Cranch, 159; *Ex parte Kearney,* 7 Wheat. 38; *Ex parte Watkins,* 3 Peters, 193.

There is no statute of the United States giving a writ of error to revise the judgments of the district and circuit courts in criminal cases, and consequently no bill of exceptions can lawfully be allowed. It is only by means of a certificate of disagreement in opinion, upon a question of law between the judges of a circuit court, that a criminal case can be brought under the cognizance of the supreme court. Conkling's Treatise, 635; *Ex parte Gordon,* 1 Black, 503.

It follows, therefore, that if the Organic Act only intended to provide for such appeals from the Territorial district courts to the supreme court, in cases arising under the constitution and laws of the United States as are authorized and provided for from the circuit courts of the United States to the supreme court, then the right of appeal from the district courts of the Territory to the supreme court, in all criminal cases arising under the laws of the United States, is entirely cut off, and no such appeal can be had either by the United States or the defendant. The Organic Act does not admit of any such construction, and its proper interpretation is, that appeals in cases arising under the laws of the United States shall be taken in the same manner as appeals in cases arising under the laws of the Territory.

The appeal having been taken in pursuance of the laws of the Territory, the case was improperly dismissed, and the judgment of dismissal is set aside.

The indictment charges that the defendant, being a postmaster and an officer of the United States, charged with the safe-keeping, transfer and disbursement of public moneys, unlawfully and feloniously converted to his own use and embezzled a portion of the said public moneys intrusted to him for safe-keeping, transfer and disbursement, to wit, etc.

In order to constitute the crime of embezzlement, the property embezzled must have been received in the capacity of clerk, servant or agent of the owner and then converted.

In this indictment it does not appear save by implication in what capacity the defendant received the money. This is not sufficient. The charge should be direct. The demurrer was properly sustained.

*Judgment affirmed.*