## In re PAQUET.

### (Circuit Court of Appeals, Fifth Circuit. March 15, 1902.)

### No. 1,116.

CIRCUIT COURTS OF APPEALS—JURISDICTION—WRIT OF PROHIBITION.

Under section 6 of the act creating the circuit courts of appeals (26 Stat. 826), which provides that such courts "shall exercise appellate jurisdiction to review by appeal or writ of error final decisions," and section 12, which gives them power to issue "all writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdiction and agreeable to the usages and principles of law," such writs are to be issued only when necessary to the appellate jurisdiction of the court, and the court has no power to issue a writ of prohibition to stay proceedings in a circuit court in a case in which its appellate jurisdiction has not been invoked either by an appeal or writ of error.

## On Application for Writ of Prohibition.

The relator presents the following:

"To the Honorable United States Circuit Court of Appeals for the Fifth Circuit: The petition of Louis P. Paquet, a citizen of the state of Louisiana and a resident of the city of New Orleans, respectfully shows: That he is an attorney at law, duly admitted to practice in the courts of the United States, and that he has recently had occasion in his professional capacity to appear in the United States circuit court for the Northern district of Florida in a cause pending therein, entitled 'Mrs. Florida McGuire vs. The Pensacola City Company et al.,' No. 71 of the docket of said court, and that said cause, on motion of counsel for the plaintiff, discontinued at her costs on Monday, November 11, 1901. That previously, to wit, on Saturday, the 9th day of November, 1901, plaintiff in said cause had instituted an action in ejectment in the circuit court of Escambia county, Florida, against Chas. Swayne for certain property, of which the said Florida McGuire claimed to be the owner, and of which she charged that the said Chas. Swayne was in possession. That your petitioner, while not of counsel in said cause for the reason that he had not been admitted as a practitioner in the state courts of Florida, assented to and advised the institution of the same as counsel for the plaintiff generally. That on the 14th day of December, 1901, the Hon. Chas. Swayne, judge of the United States circuit court for the Northern district of Florida, issued and signed an order, a copy of which is hereto annexed and made a part of this petition as an exhibit, marked 'Exhibit A,' in which he directed that this petitioner 'be, and he is hereby, cited to appear before me, Chas. Swayne, judge of this court, at 10 o'clock a. m., on Saturday, December 21, 1901, to show cause why he should not be punished for contempt, upon the grounds and for the reasons set forth in said motion (i. e., the motion of W. A. Blount, Esq., an attorney and counselor of said court, for a citation to the said defendant, etc.), which is now of record in the records of said court, and a copy of which is to be attached by the clerk to the copy of this order to be served upon the said Louis Paquet;' and that said citation, together with a statement of the said judge attached thereto and the motion of the said Blount, all of which are attached to and made a part of this petition, marked 'Exhibit B,' were served upon your petitioner on the 16th day of December, 1901. That upon the 21st day of December, 1901, your petitioner, in obedience to the said citation, appeared

before the said judge at Pensacola, and then and there objected to the jurisdiction of the said judge to proceed with the said citation and motion upon the grounds set forth in the demurrer then filed by petitioner, a copy of which is hereto annexed and made a part of this petition, marked 'Exhibit C.' That said judge thereupon overruled the demurrer and objections of this petitioner, and declared that he would proceed with the trial of said motion; whereupon petitioner filed an answer thereto, in which answer he expressly disavowed any intention to commit any contempt against the authority of said court, and averred that the acts which he had done and as charged in said motion were done in the exercise of his rights as a citizen of the United States, and pursuant to the laws and constitution of the state of Florida, and constituted no contempt against the authority of said court, which answer was duly verified by the affidavit of this petitioner, and filed in the records of said court; and petitioner thereupon objected to the introduction of any evidence to controvert the facts stated in said answer, and demanded his discharge, which objection was overruled by the said judge, who thereupon declared his intention to hear evidence upon the said motion, and after hearing the same to decide whether or not your petitioner was guilty of contempt of the authority of his said court, and the said proceeding was continued for further hearing until the 4th day of January, instant. Now, your petitioner shows that all the acts, doings, and proceedings of the said judge, hereinafter recited, are wholly without jurisdiction or authority or warrant in law; that the same are oppressive, and that your petitioner will be deprived of his liberty, unless this honorable court will prohibit further proceedings therein; and that petitioner has no other remedy except the writ of prohibition which can prevent the said judge from unjustly, unlawfully, and without any jurisdiction·so to do, depriving your petioner of his liberty, and condemning him to pay a fine or be imprisoned in default thereof, or to be imprisoned, as the said judge may determine. Petitioner further shows that upon identically the same state of facts the said judge has passed sentence upon E. T. Davis and Simeon Belden, attorneys and counselors at law, who were associated with petitioner in the prosecution of the case of Florida McGuire against the Pensacola City Company, hereinbefore referred to, and who filed the suit hereinbefore referred to against Charles Swayne, who is the presiding judge of the United States circuit court for the Northern district of Florida. Petitioner further shows that the offense charged against him in the motion of W. A. Blount, Esq., heretofore annexed, is that he, as attorney and counselor of the said United States circuit court for the Northern district of Florida, caused and procured to be issued, as attorney of the circuit court of Escambia county, state of Florida, a summons in ejectment, wherein Florida McGuire was plaintiff and the Hon. Chas. Swayne was defendant, and caused the same to be served on the said judge of the United States circuit court to recover the possession of block 91 of the Cheveaux tract in the city of Pensacola, Florida, a tract of land involved in a controversy in ejectment then depending in the said United States circuit court, wherein the said Florida McGuire was plaintiff and the Pensacola Company et al. were defendants, and in the motion of the said Blount it is alleged: That the said action in ejectment against the said judge was instituted after a petition had been presented to the said judge to recuse himself in the case of Florida McGuire, referred to, and after the same had been submitted and overruled, because the said judge had stated in the presence of this petitioner and the other counsel in the case that the allegation that he or any member of his family was interested in or owned the property in controversy in said suits was untrue, and that he had refused to permit a member of his family to buy the said land, because the suit of Florida McGuire, involving the title of said tract, was then in litigation before him. That after this declaration by the judge the counsel were aware that neither he nor any member of his family were interested in any part of the said tract, and had no reason to believe that they were so interested, and could easily have known that the said block was not in the possession of any one, but was entirely unoccupied. That the said suit against the said judge was instituted on Saturday, the 9th of November, 1901, after six o'clock, and after the court had overruled a motion to postpone the trial

of the case of Florida McGuire vs. The Pensacola City Company for a week or more, and after the judge had announced that he would call said cause for trial on Monday, November 11, 1901, and would proceed to try it, unless the plaintiff made a sufficient showing why he should not do so, and that counsel had announced that they would make such showing. Your petitioner shows that, according to the foregoing charges contained in said motion, he is now summoned before a judge of the United States circuit court to show cause why he should not be punished for contempt for disregarding a verbal statement made by said judge, and for filing a suit against him individually in one of the courts of the state of Florida, by which said suit he contradicted the verity of the declaration made by said judge. Petitioner shows that, while the statement of the said judge was conclusive so far as it affected the question then pending before him, to wit, the motion to recuse him by reason of his interest in the cause, it was not conclusive in his favor in any matter personal to him, and was not bound to be accepted by a party in interest elsewhere, or for any other purpose than so far as the same formed part of a ruling of the said judge in a cause then pending before him, and that petitioner's client had the constitutional right to test the question of the interest of the said Charles Swayne in the said property by a suit in the courts of the state of Florida. That under the statute of the United States in such case made and provided the said judge has jurisdiction to punish for contempt (1) in case of misbehavior of persons in the court or so near to the place where it is held as to obstruct the administration of justice; (2) in case of the misbehavior in official transactions of officers of court; and (3) in case of obstruction to the process of the court. And that jurisdiction to try for such offenses does not extend to acts committed elsewhere, not embraced in any of the foregoing definitions, and especially not to acts committed in an official capacity in another court, which is one of concurrent jurisdiction. Now, your petitioner is advised and believes, and so believing avers, that the said judge, under the jurisdiction which he has usurped herein, will deprive petitioner of his liberty or property, unless restrained by process of this honorable court: that such imprisonment or fine will be in violation of petitioner's rights as a citizen of the United States, and that the same will work him an irreparable injury, for and against which there can and will otherwise be no redress. Wherefore, the premises considered, your petitioner prays that your honors will grant a writ of prohibition herein directed to the said Charles Swayne, presiding judge of the United States circuit court for the Northern district of Florida, restraining and prohibiting the said judge from further proceeding with the trial of the said motion to punish your petitioner for contempt as aforesaid; that a writ of certiorari issue to the said judge, requiring him to cause to be made and to be sent to this honorable court a true and complete transcript of the proceedings aforesaid, the same being entitled 'In re Contempt Proceedings against Louis Paquet'; that upon trial hereof the said writ of prohibition may be confirmed and made perpetual. Petitioner prays for all such other and further orders and decrees as the nature of the case may require, and for general and equitable relief.

"Boatner, Dodds & Boatner, Attorneys.

"Before me, the undersigned authority, personally came and appeared Louis P. Paquet, who, on being duly sworn, deposes that all the facts stated and allegations made in the foregoing petition, so far as they are made on his own knowledge, are true, and that, so far as they are made on information obtained from others, he believes them to be true.

"Louis P. Paquet.

"Sworn to and subscribed before me, this 2d day of January, 1901.
"[Seal.]                    Martin H. Harrison, Not. Pub."

This petition has attached exhibits showing proceedings had in the circuit court of the United States for the Northern district of Florida in the matter of the contempt proceedings against Louis P. Paquet, to wit, the rule to show cause, the written charge for contempt, and the demurrer of Louis P. Paquet.

In this court, on behalf of the respondent judge, a demurrer has been filed as follows:

"The respondent, the said Charles Swayne, by his attorney, William A. Blount, demurs to the said petition and the said rule upon the following grounds, to wit: (1) That this honorable court has no jurisdiction to issue a writ of prohibition in the cause and under the circumstances set forth in said petition and rule; (2) that the said petition and rule do not show that the respondent has not jurisdiction to do each and every of the things which it is alleged in said petition that he has done and is about to do, and does not show that he has exceeded, or is about to exceed, his jurisdiction."

J. C. Boatner, for relator.

W. A. Blount, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This court is an appellate court, and depends entirely for its powers upon the statute of March 3, 1891 (26 Stat. 826), and statutes amendatory thereof. Its power to issue writs is derived from section 12 of that act, which gives the court the power specified in section 716, Rev. St. U. S., to issue writs of scire facias, and "all writs not specially provided for by statute which may be necessary for the exercise of their respective jurisdiction and agreeable to the usages and principles of law." Further than this, the appellate jurisdiction appears to be limited by the act creating the court to two methods of review,—by appeal and writ of error. Section 6 provides that the courts of appeal established by this act "shall exercise appellate jurisdiction to review by appeal or writ of error final decisions," etc., and no other method of review is provided. In issuing writs not specially provided for by statute, it appears by the letter of the law that such writs are to be issued when necessary for our jurisdiction, and it would seem that, by the intent of the law, only when necessary to such jurisdiction; and this is supported by Ex parte Gordon, 1 Black, 503, 17 L. Ed. 134; Ex parte Christy, 3 How. 296, 322, 11 L. Ed. 603; In re Bininger, 7 Blatchf. 159, Fed. Cas. No. 1,417. See, also, U. S. v. Williams, 14 C. C. A. 440, 67 Fed. 384. In the case referred to in the petition herein the appellate jurisdiction of this court has never been invoked, perhaps never may be, and, on reason and authority, we have no jurisdiction at this time to issue any writ. Whether or not, after final decision in the circuit court, a writ of error will lie to this court is perhaps open to some question. Certainly the supreme court, through a long line of decisions ending in Chetwood's Case, 165 U. S. 443, 462, 17 Sup. Ct. 385, 41 L. Ed. 782, held that "judgments in proceedings in contempt are not reviewable here on appeal or error,"—citing Hayes v. Fisher, 102 U. S. 121, 26 L. Ed. 95; In re Debs, 158 U. S. 564, 573, 15 Sup. Ct. 900, 39 L. Ed. 1092; Id., 159 U. S. 251, 15 Sup. Ct. 1039.

But in Tinsley v. Anderson, 171 U. S. 101, 105, 18 Sup. Ct. 805, 43 L. Ed. 91, referring to the statement in Chetwood's Case, the supreme court said:

"But that statement was made in regard to such judgments in independent proceedings for contempt in the circuit courts of the United States, and the reason is, as in cases referred to in Hayes v. Fisher, above cited, such judgments were considered as judgments in criminal cases in which this court had no appellate jurisdiction of those courts."

Now, it may be that under the act of March 3, 1891, creating the circuit courts of appeals, wherein appellate jurisdiction is conferred upon this court to review by appeal or writ of error final decisions of the district and existing circuit courts in criminal cases, a writ of error will lie from a judgment of conviction and the imposition of a fine or imprisonment in an independent proceeding for contempt in one of the circuit courts of the United States in this circuit, but, if this be so, it cannot avail the petitioner herein at this time. The general rule is that where relief can be obtained through the usual course by writ of error extraordinary writs will not issue. In re Tampa Suburban R. Co., 168 U. S. 583, 587, 18 Sup. Ct. 177, 42 L. Ed. 589.

Writ of prohibition denied.