---

Ex parte O'NEAL.

(Circuit Court, N. D. Florida. November 10, 1903.)

1. HABEAS CORPUS—RECORD—SUPPLEMENTAL FACTS.

In a habeas corpus proceeding to obtain relief from imprisonment for contempt, the petitioner is entitled to supplement the record by alleging such additional facts as tend to show that his misbehavior was not a contempt. As to how far, see Ex parte Cuddy, 9 Sup. Ct. 703, 131 U. S. 280, 33 L. Ed. 154.

2. CONTEMPT—FEDERAL COURT—OFFICERS—RESISTANCE.

Where relator was charged with contempt in resisting an officer of a federal District Court in the execution of orders of such court, it was immaterial whether at the time of the resistance the court was actually in session, with the judge then present, or whether the place of resistance was some distance from the actual place where court was usually held, so long as it was not in the actual presence of the court, or so near thereto as to embarrass the administration of justice.

3. SAME—TRUSTEE IN BANKRUPTCY—ASSAULT—CONTEMPT—DISTRICT COURT—JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], providing that the District Courts of the United States sitting in bankruptcy are continuously open, and section 63 (30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), declaring that a trustee in bankruptcy is an officer of the court, such court has jurisdiction to summarily try and determine the merits of a proceeding to punish relator for an assault on a trustee in bankruptcy in the performance of his duties as such, as a contempt of such court.

4. SAME—HABEAS CORPUS—CIRCUIT COURT—REVIEW.

Where a federal District Court had jurisdiction to punish relator for an assault on a trustee in bankruptcy as for a contempt, alleged errors and irregularities in such proceeding could not be reviewed by the Circuit Court on a writ of habeas corpus.

Habeas Corpus.

W. A. Blount and C. H. Laney, for relator.

E. A. Angier, U. S. Atty.

PARDEE, Circuit Judge. The petitioner, W. C. O'Neal, was convicted in the District Court for the Northern District of Florida on a charge of contempt of court, in committing an assault upon an officer of said court, and thereupon was sentenced to imprisonment in the county jail at Pensacola, Fla., for the term of 60 days. This conviction was immediately followed by a writ of error to the Su-

preme Court of the United States, based on a certified question as to jurisdiction. In dismissing the writ of error, the Supreme Court said:

"Jurisdiction over the person and jurisdiction over the subject-matter of contempts were not challenged. The charge was the commission of an assault on an officer of the court for the purpose of preventing the discharge of his duties as such officer, and the contention was that on the facts no case of contempt was made out. In other words, the contention was addressed to the merits of the case, and not to the jurisdiction of the court. An erroneous conclusion in that regard can only be reviewed on appeal or error, or in such appropriate way as may be provided. Louisville Trust Company v. Comingor, 184 U. S. 18, 26 [22 Sup. Ct. 293, 46 L. Ed. 416]; Ex parte Gordon, 104 U. S. 515, 26 L. Ed. 814. And while proceedings in contempt may be said to be sui generis, the present judgment is in effect a judgment in a criminal case, over which this court has no jurisdiction on error. Section 5, Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549], as amended by the act of January 20, 1897, c. 68, 29 Stat. 492; Chetwood's Case, 165 U. S. 443, 462 [17 Sup. Ct. 385, 41 L. Ed. 782]; Tinsley v. Anderson, 171 U. S. 101, 105 [18 Sup. Ct. 805, 43 L. Ed. 91]; Cary Manufacturing Company v. Acme Flexible Clasp Company, 187 U. S. 427, 428 [23 Sup. Ct. 211, 47 L. Ed. 244]." 190 U. S. 37, 38, 23 Sup. Ct. 776, 777, 47 L. Ed. 945.

The case is here presented upon the record proper as submitted to the Supreme Court, and upon a further showing of alleged facts which petitioner claims do not contradict the record, to wit:

"That the place at which took place on the morning of October 20, 1902, the affray between A. Greenhut and petitioner, in which is alleged to have occurred the assault by petitioner upon the said A. Greenhut, for which the said District Court has sentenced petitioner as for a contempt, was the office in the store of the said Greenhut, and was a part of the building occupied by him as a wholesale grocery store, and that his office was used by him for the purpose of conducting the said grocery business, and was used in connection with his position as trustee only because it was his place of business, and therefore more convenient for him. That the said building was at said time, and is now, No. 104 East Government street, in the city of Pensacola, and distant from the United States courtroom, and the building in which it was and is held, not less than four hundred feet, and separated therefrom by an intervening street and an intervening alley, and by more than a block of brick business houses, and was not in any way connected with, or used in connection with, the said court or courthouse, or any of the functions or duties of the said court, or of the judge thereof. That the said District Court was not in session in the city of Pensacola on the said 20th day of October, nor had been for months before the said date, and that no session thereof occurred thereafter until November 7, 1902, and that the judge of said court was not on the said date in said state, nor had he been therein for months prior thereto, nor did he come therein until the 6th day of November, A. D. 1902."

As to claimed authority to supplement record as to facts, see Ex parte Cuddy, 131 U. S. 280, 9 Sup. Ct. 703, 33 L. Ed. 154.

In my opinion, the additional facts offered to supplement the record do not materially change the status of the case, nor do they in any wise extend the jurisdiction of this court upon this writ. The charge of contempt against the relator is based upon the fact that he unlawfuly assaulted and resisted an officer of the District Court in the execution of orders of the court, and in the performance of the duties of his office under such orders; and in that respect it would seem to be immaterial whether at the time of the resistance the court was actually in session, with a judge present in the district, or wheth-

er the place of resistance was 40 or 400 feet from the actual place where the court was usually held, so long as it was not in the actual presence of the court, nor so near thereto as to embarrass the administration of justice.

Under the bankruptcy act of July 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], the District Courts of the United States, sitting in bankruptcy, are continuously open; and, under section 63 (30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), and others of the same act, a trustee in bankruptcy is an officer of the court. The questions before the District Court in the contempt proceeding were whether or not an assault upon an officer of the court, to wit, a trustee in bankruptcy, for and on account of, and in resistance of, the performance of the duties of such trustee, had been committed by the relator; and, if so, was it, under the facts proven, a contempt of the court whose officer the trustee was? Unquestionably, the District Court had jurisdiction summarily to try and determine these questions, and, having such jurisdiction, said court was fully authorized to hear and decide and adjudge upon the merits. Ex parte Savin, 131 U. S. 267, 276, 277, 9 Sup. Ct. 699, 33 L. Ed. 150.

This brings us squarely to the question whether, upon this writ of habeas corpus, the inquiry can be extended by this court so as to review, as upon writ of error, any irregularities of the District Court in the proceedings, or to determine, as upon appeal, the real merits of the case. I have examined with care the decisions of the Supreme Court of the United States in Ex parte Cuddy, 131 U. S. 280, 9 Sup. Ct. 703, 33 L. Ed. 154, Ex parte Mayfield, 141 U. S. 116, 11 Sup. Ct. 939, 35 L. Ed. 635, and in In re Watts & Sachs, 190 U. S. 1, 23 Sup. Ct 718, 47 L. Ed. 933, and in many other cases, and do not find that either or any of them control or determine the question in favor of such claimed jurisdiction. Whatever an appellate court may have power to do in regard to supplementing the record, as held in In re Cuddy and in Ex parte Mayfield, or upon certiorari and habeas corpus to examine the merits of the case, as in In re Watts & Sachs, I am forced to follow, as I did in Ex parte Davis (C. C.) 112 Fed. 139, the Supreme Court in United States v. Pridgeon, 153 U. S. 48, 62, 14 Sup. Ct. 746, 751, 38 L. Ed. 631, wherein it is declared:

"Under a writ of habeas corpus, the inquiry is addressed, not to errors, but to the question whether the proceedings and the judgment rendered therein are for any reason nullities; and, unless it is affirmatively shown that the judgment or sentence under which the petitioner is confined is void, he is not entitled to his discharge."

This court has no appellate jurisdiction over the District Court for this district, and if it should attempt to go beyond the rule declared in United States v. Pridgeon, and assume authority to look into the merits wherein judgments have been rendered in the District Court in contempt cases, it would be, from my standpoint, an unwarranted assumption of jurisdiction, decidedly tending to scandal in judicial proceedings.

In dealing with the proceedings against petitioner in the District Court, the Supreme Court said that an erroneous conclusion in re-

gard to the merits can only be reviewed on appeal or error, or in such appropriate way as may be provided. As shown above, the writ of habeas corpus is not an appropriate way provided. The Supreme Court further said that the judgment in this present case is in effect a judgment in a criminal case, over which that court had no jurisdiction on error. The court did not say that no other appellate court had jurisdiction on error. In In re Paquet, 114 Fed. 437, 52 C. C. A. 239, the Circuit Court of Appeals in this circuit held that that court had no jurisdiction to issue a writ of prohibition in a certain contempt case then pending in the Circuit Court of the Northern District of Florida, but intimated that possibly a writ of error might lie in such cases where final judgment of conviction had been rendered; but whether the petitioner here has or had a remedy by writ of error from, or by appeal to, any appellate court, is immaterial on this inquiry, and I am satisfied that this court has no jurisdiction to review the petitioner's case by any remedy provided by law.

The writ of habeas corpus is discharged.

Circuit Judges McCORMICK and SHELBY sat with me and heard argument in this case, and they concur in this opinion.