### In re LENKA et al.

(District Court, E. D. New York. December 31, 1923.)

Prisons ⊜18(1)—Government, and not creditors, held liable for maintenance of bankrupts committed for contempt.

Under Comp. St. §§ 10520, 10522, 10546, the government is required to pay for the maintenance of prisoners committed for contempt of court, and hence creditors of bankrupts, who failed to pay over money as directed, were not liable for bankrupts' maintenance while in the custody of the marshal for contempt of court; but payments voluntarily made by creditors could not be recovered.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Julius Lenka and another, individually and as copartners doing business as Lenka & Schochman, bankrupts. On motion by creditors to restrain the United States marshal from releasing bankrupts in his custody under an order of commitment for contempt of court, and for other relief. Motion granted in part, and denied in part.

Burnstine & Geist, of New York City, for creditors.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Guy O. Walser, Asst. U. S. Atty., of New York City, of counsel), opposed.

GARVIN, District Judge. This is a motion by creditors of the bankrupts above named to restrain the United States marshal from releasing bankrupts, now in his custody under an order of commitment for contempt of court for failure to pay over moneys as directed by the court, and to further restrain him from demanding from the creditors or from the estate the expenses of the maintenance of the bankrupts while in his custody, and directing him to pay back the moneys heretofore paid to him for the expense of the maintenance of the bankrupts while in his custody.

The court has been referred to no provision of law specifically requiring the creditors or the estate to pay the expense of the maintenance of prisoners committed for contempt of court. U. S. Compiled Statutes, § 10522, provides:

"The marshal shall make such other provision as he may deem expedient and necessary for the safe-keeping of the prisoners arrested or committed under the authority of the United States, until permanent provision for that purpose is made by law."

U. S. Compiled Statutes, § 10520, provides:

"All the expenses attendant upon the transportation from place to place, and upon the temporary or permanent confinement of persons arrested or committed under the laws of the United States, as well as upon the execution of any sentence of a court thereof respecting them, shall be paid out of the Treasury of the United States in the manner provided by law."

U. S. Compiled Statutes, § 10546, provides:

"Hereafter there shall be allowed and paid by the Attorney General, for the subsistence of prisoners in the custody of any marshal of the United States and the warden of the jail in the District of Columbia, such sum only as it reasonably and actually cost to subsist them."

Taking these sections together, it would appear that the government is required to pay for the maintenance of prisoners committed for contempt. They are certainly committed under the laws of the United States enacted by Congress, and the courts should have the power to make effective lawful mandates and decrees. This power seems to be conferred by the statutes above cited.

Consideration has been given to the suggestion that, as the creditors directly benefit by the exercise of this power of the court, particularly where the bankrupt finally obeys the order and pays over money as directed, they should defray such necessary expense as may be involved in carrying the order into effect; but the general public interest is involved in obedience to all lawful orders made by the court, which is

itself one of the three great branches into which the government is divided, and it devolves upon the government itself to provide funds necessary to enable the court to properly and completely protect the rights of all suitors whose claims are presented for determination, and who apply for protection of the rights to which every litigant is entitled.

The relief will be granted as prayed, except that no refund will be directed. Payments already made appear to have been voluntary, and will not be disturbed. The question involved appears to be novel, and execution of the order to be entered hereon will be stayed, if the government desires to review this determination, until the decision of the Circuit Court of Appeals thereon, provided a review is had by the government with reasonable expedition.

Such a stay seems peculiarly appropriate, because the United States attorney, at the request of the court and with the approval of counsel for the moving parties, has submitted to the Attorney General a request for an opinion regarding the liability of the government. If the opinion advises that the expenses of maintenance are a proper governmental charge, the question will be then finally settled.