## In re CENTRONE COAL CO., Inc.
### No. 23754.

District Court, E. D. New York.
April 23, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Max E. Sanders, of New York City, for trustee.

BYERS, District Judge.

The United States marshal for this district has procured an order to show cause, directed to the trustee in bankruptcy of Centrone Coal Company, Inc., a bankrupt, the object of which is to secure the discharge from the marshal's custody of John Centrone, an officer of the bankrupt; the latter was heretofore adjudged guilty of contempt of court for failing to comply with an order of the referee directing him to produce the books and records of the bankrupt concern. The said books have not been produced.

The order of apprehension was dated November 23, 1933, and was executed on December 5, 1933, when Centrone was taken into custody and confined in the Queens county jail in this district. At that time the attorney for the trustee in bankruptcy paid to the marshal $3.50 for service fee, and $50.00 to be applied to the board and keep of Centrone. That sum was sufficient to board until January 23, 1934, since which date no funds have been received to defray that expense, although requested. The trustee has refused to further assume the cost of board, and the marshal seeks to have Centrone released because he says there are no funds of the United States available to him for the support and upkeep involved.

The trustee opposes the motion, and relies upon sections 5536 and 5545 of the Revised Statutes (title 18 U. S. C. § 701 and § 703 [18 USCA §§ 701, 703]) in that behalf. The provisions are as follows:

"§ 701. *Expenses for transportation and confinement of prisoners paid by United States.* All the expenses attendant upon the transportation from place to place, and upon the temporary or permanent confinement of persons arrested or committed under the laws of the United States, as well as upon the execution of any sentence of a court thereof respecting them, shall be paid out of the Treasury of the United States in the manner provided by law."

"§ 703. *Actual reasonable cost of subsistence paid.* There shall be allowed and paid by the Attorney General, for the subsistence of prisoners in the custody of any marshal of the United States and the warden of the jail in the District of Columbia, such sum only as it reasonably and actually cost to subsist them. And it shall be the duty of the Attorney General to prescribe such regulations for the government of the marshals and the warden of the jail in the District of Columbia, in relation to their duties under this chapter, as will enable him to determine the actual and reasonable expenses incurred."

The Bankruptcy Act is clearly one of "the laws of the United States," within the contemplation of the first provision above quoted. Section 41 thereof, subdivision (b) [title 11 U. S. C. § 69(b), 11 USCA § 69(b)] is as follows:

"(b) The referee shall certify the facts to the judge, if any person shall do any of the things forbidden in this section. The judge shall thereupon, in a summary manner, hear the evidence as to the acts complained of, and, if it is such as to warrant him in so doing, punish such person in the same manner and to the same extent as for a contempt committed before the court of bankruptcy, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of, or in the presence of, the court. (July 1, 1898, c. 541, § 41, 30 Stat. 556.)"

One of the things forbidden is to "neglect to produce, after having been ordered to do so, any pertinent document." Subdivision (a) of said section 41, 11 USCA § 69(a).

In U. S. ex rel. Paleais v. Moore (C. C. A.) 294 F. 852, there was an order adjudging a bankrupt to be in contempt for failure to produce books; it was said that the District Court (287 F. 879) had authority to enter the order appealed from. The review in the Circuit Court of Appeals was circumscribed because habeas corpus was there invoked, but the case is clearly to the effect that, upon a proper showing, such an order is within the power of the District Court.

See, also, Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 73 L. Ed. 419.

In re Lenka (D. C.) 295 F. 570, is precisely in point, and construes the foregoing statutes to apply to a civil contempt committed by a bankrupt.

Nothing is suggested by the United States attorney appearing for the marshal on this motion, to impair the decision of Judge Garvin, or to indicate why a different rule should apply to this case.

If one who is adjudged to be in contempt of court can evade the penalty involved, because of the fortuitous circumstance that he cannot be supported, while incarcerated, by the suitor at whose instance the order is obtained, then the process is so sterile as to be nugatory.

If that be the law, a higher court than this must declare it.

The motion will be denied, and an appropriate order to that effect will be signed upon presentation.