### DOWNING v. DAVIS et al.

#### No. 234.

District Court, S. D. Mississippi, Jackson Division.

Sept. 27, 1940.

Bidwell Adam, of Gulfport, Miss., and R. B. Terry, of Jackson, Miss., for plaintiff.

Hugh Gillespie, Dist. Atty., of Raymond, Miss., for defendants.

MIZE, District Judge.

This is a petition filed by the plaintiff asking for a writ of prohibition against a

Justice of the Peace and Constable in Mississippi, seeking to prohibit the Justice of the Peace from issuing search warrants and the Constable from serving them outside his own district. The defendants have interposed a motion to dismiss.

■ The motion of the defendants is well taken. The writ of prohibition cannot run from the federal district court to a state court. In re Nathaniel Gordon, 1 Black 503, 17 L. Ed. 134; Title 28, § 342, U.S.C.A.

■ The petition alleges that a Justice of the Peace of the state is issuing search warrants and giving them to a Constable to serve at a time when there is available a Sheriff with a large number of deputies, to whom the writs should be directed, and avers that the Constable has executed some of these search warrants and has found in the possession of the plaintiff intoxicating liquor upon which the tax had been paid, and that, therefore, no federal law had been violated. The petition does not allege, but it is a fact of which the court takes judicial knowledge, that the possession of whiskey is prohibited in Mississippi. The petition avers that the plaintiff's rights guaranteed under the fourth and fifth amendments to the Federal Constitution have been violated, and that the provisions of the fourteenth amendment have been violated in that the plaintiff's property was being taken without due process of law and that he was being deprived of his liberty.

■ These provisions of the Federal Constitution do not apply. The plaintiff has a full, complete and adequate remedy at law in the state courts of Mississippi. Before the federal court could act, it would be necessary for him to show that the state courts were not adequate to give him relief, or that the state courts had arbitrarily refused to do so. No such allegation is made. The recent case of Mooney v. Holohan, 294 U.S. 103, 104, 55 S.Ct. 340, 342, 79 L.Ed. 791, 98 A.L.R. 406, is controlling. With reference to the availability of the state court remedy, the Supreme Court of the United States said in that case: "We are not satisfied, however, that the state of California has failed to provide [a] corrective judicial process. * * * Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution. * * * In view of the dominant requirement of the Fourteenth Amendment,

we are not at liberty to assume that the state has denied to its court jurisdiction to redress the prohibited wrong upon a proper showing and in an appropriate proceeding for that purpose."

■ The purpose of the writ of prohibition is to prevent the unlawful assumption of jurisdiction and is not for the purpose of correcting mere errors or irregularities. Ex parte Gordon, 104 U.S. 515, 26 L.Ed. 814; Ex parte Hagar, 104 U.S. 520, 26 L. Ed. 816; Ex parte Cooper, 143 U.S. 472, 12 S.Ct. 453, 36 L.Ed. 232; In re New York, etc., S. S. Co., 155 U.S. 523, 15 S.Ct. 183, 39 L.Ed. 246; Ex parte United States, as owner of 19 barges, 263 U. S. 389, 44 S.Ct. 130, 68 L.Ed. 351. Ex parte Oklahoma, 220 U. S. 191, 31 S.Ct. 426, 55 L.Ed. 431.

■■ Section 2358, Code of 1930, reads as follows: "All the foregoing provisions regulating the proceedings in the writ of mandamus shall apply, as far as the nature of the remedy will allow, to proceedings on writs of prohibition." A writ of prohibition under this statute can be granted only by a court of original jurisdiction and cannot be granted by the Supreme Court of the state. However, the courts of original jurisdiction in this state have the power to issue or refuse to issue the writ. The Supreme Court of the state can review such judgment upon appeal. Wynne et al. v. Illinois Cent. R. Co. et al., 105 Miss. 784, 66 So. 411. If an unwarranted assumption of jurisdiction has been assumed by the Justice of the Peace, then the courts of original jurisdiction in the state have the power and jurisdiction to correct it. This court does not have jurisdiction for the reasons hereinbefore shown.

■ A court of equity will not lend its aid to one who does not come into court with clean hands. The petition of the plaintiff in the instant case shows that during some of these searches he alleges to have been made there was found in his possession intoxicating liquor, which is in violation of the laws of Mississippi. A court of equity, therefore, could not render him aid, and will not render him aid, when this state of facts is shown. Farr v. O'Keefe, D.C., 27 F.Supp. 216.

This court not having jurisdiction to entertain the petition, it becomes unnecessary to pass upon the right of a Constable to execute a search warrant outside of his district, or upon the question of the right of a Justice of the Peace to appoint a po-

liceman to execute search warrants outside of the municipal limits of the domicile of the policeman.

The motion of the defendants to dismiss the complaint will be sustained.