BINGHAM v. WILLIAMS. See Case No. 1,-413.

## Case No. 1,417.
### In re BININGER et al.
[7 Blatchf. 159;[1] 3 N. B. R. 481. (Quarto, 121;) 1 Am. Law T. Rep. Bankr. 183; 17 Pittsb. Leg. J. 177; 9 Am. Law Reg. (N. S.) 297.]

Circuit Court, S. D. New York. Feb. 11, 1870.

BANKRUPTCY — POWER OF CIRCUIT COURT — WRIT OF PROHIBITION.

1. Under the 14th section of the judiciary act of September 24th, 1789, (1 Stat. 81,) this court has power to issue a writ of prohibition only in cases where such writ is necessary for the exercise of its jurisdiction.

2. Where C. had, jointly with B., his co-partner, been adjudged a bankrupt by the decree of the district court, and had brought such decree before this court for review, and was also prosecuting suits in a state court against B. in respect to the property of the copartnership and the proceedings in the district court: held, that this court had no authority to issue a writ of prohibition to the state court from further entertaining such suits.

3. The nature of the superintending or revisory power given to the circuit court over

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

proceedings in bankruptcy, by the 2d section of the bankruptcy act of March 2d, 1867, (14 Stat. 518,) considered and stated.

[Cited in Re Bininger, Case No. 1,418.]

[In bankruptcy. Petition for writ of prohibition to state courts to prevent further proceedings tending to hinder the administration of a bankrupt estate by the district court under the bankrupt law of United States. Denied.]

Francis N. Bangs, for application.

Roger A. Pryor, opposed.

Before WOODRUFF, Circuit Judge, and BLATCHFORD, District Judge.

WOODRUFF, Circuit Judge. A petition is presented to this court by Abraham Bininger, (who has, with Abraham B. Clark, who was his partner in the firm of Abraham Bininger & Co., been adjudged bankrupt by the district court,) and by sundry creditors of said firm, setting forth that, upon the petition of creditors of said firm, the said Bininger and Clark have, by a decree of the district court, been adjudged bankrupt; that the said Clark is now prosecuting in this court, in pursuance of the second section of the bankrupt act, a proceeding for the review of that adjudication; that, prior to the institution of the proceedings in bankruptcy in the district court, the said Clark had filed his bill in the superior court of the city of New York, against his partner Bininger, for an accounting, and for the settlement of the affairs of the co-partnership, the payment of the debts and the distribution of the assets; that a receiver had been appointed in such suit, who was or claimed to be in the possession of the property of the firm; and that, after the proceedings in bankruptcy were instituted, the said Clark commenced successively two actions in the said state court and procured from that tribunal injunctions restraining the petitioning creditors from prosecuting the said proceedings in bankruptcy. The petition gives with much detail facts and circumstances tending to show that the purpose and effect of the prosecution of these several suits in the superior court and of motions therein to enforce obedience to said injunctions, is to defeat the operation of the adjudication of the district court, and to hinder or obstruct the administration of the property of the bankrupts by the district court under the bankrupt law of the United States. It is thereupon prayed, that this court will, pursuant to the 14th section of the act of September 24th, 1789, (1 Stat. 81,) issue a writ of prohibition, addressed to the said superior court and the judges thereof, prohibiting the said court and the said judges from further entertaining the said actions, or from entertaining any other or further proceedings on the petition or application, or at the suit, of the said Clark, for the purpose of interfering with the said adjudication and with the jurisdiction of the said district court, and from interfering with or nullifying the effect of the jurisdiction of this court under the bankrupt act.

It is not suggested that this court has power to issue the writ prayed for, unless the authority is conferred by, or is implied from, some express statute; and, both in the petition and in the brief submitted by the counsel for the petitioners, such power is sought to be derived from the fourteenth section of the said act of 1789. That section provides, that all of the courts of the United States previously mentioned in the act, including the circuit court, "shall have power to issue writs of scire facias, habeas corpus and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the principles and usages of law." In Ex parte Christy, 3 How. [44 U. S.] 292, the supreme court, referring to this section, and to section thirteen, which gives express power to that court to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, disclaimed, in its opinion, delivered by Mr. Justice Story, any general authority to issue a writ of prohibition, in a case in bankruptcy, to a district court, over whose orders and decrees in such cases the supreme court possessed no revising power, however the district court exceeded its jurisdiction; and the ground stated was, that the district court, by such orders and decrees, did not interfere with, evade or obstruct any appellate authority of the supreme court. Without pausing, then, to inquire, whether, under the said fourteenth section, this court has power, and, if so, in what cases, to issue a writ of prohibition to a state court, it is clear that, if the power exists, the limitation is explicit which confines that power to cases wherein such writ is necessary for the exercise of the jurisdiction of this court; and, since the power is not claimed to exist under any grant of general jurisdiction, or to have been conferred by any other statute, the test of the power to issue the writ now applied for lies in the inquiry, whether, in the case made by the petition, such writ is necessary for the exercise of any jurisdiction now vested in the circuit court, in the matter in litigation, and is agreeable to the principles and usages of law.

What, then, is the jurisdiction which this court has over the proceedings set forth in the petition? By a petition of review, Clark, the plaintiff in the actions in the superior court, has sought in this court a review of the decree of the district court whereby he is adjudged a bankrupt, and, for the purposes of that review, this court has acquired jurisdiction of those proceedings. But, the exercise of that jurisdiction is in nowise obstructed or interfered with by the actions prosecuted by him in the superior

court. He may pursue that appeal to the revisory power of this court, and the respondents therein may here insist upon the correctness of the decree of the district court, and this court will proceed to hear and reverse or affirm that decree, entirely unaffected by the pendency or the prosecution of those actions; and the action of this court in the matter of that review will terminate with such affirmance or reversal. If such decree shall be affirmed, the decree of the district court will stand as the decree of that court and not of this court, to be carried into due execution by that court and not by this court.

The argument of the counsel for the petitioners involves the assumption that, by force of the second section of the bankrupt law, this court possesses, concurrently with the district court, all the powers conferred by the first section of that act upon the last-named court, and that, therefore, whatever impedes the execution of the decrees of the district court or obstructs or interferes with the administration of the estate of the bankrupts by that court, warrants the petitioners in insisting that the exercise of the jurisdiction of this court is obstructed or hindered, and in claiming in this court that the writ of prohibition is necessary. In the first place, this view overlooks the familiar doctrine, that, where the jurisdiction of two courts is concurrent, the one which first obtains jurisdiction of the subject matter and of the parties, by the actual institution of proceedings therein, holds such jurisdiction exclusively of the other. But, in the next place, the act of congress does not thus blend or confound the two courts in the administration of the law. The courts are distinct under that act, as under all others, and exercise a separate jurisdiction, each in its own sphere. This is not supposed to be doubtful in respect to the appellate jurisdiction conferred on the circuit court, by the eighth and twenty-fourth sections of the act, to review, by appeal or writ of error, the proceedings of the district court, or in respect to actions at law or in equity whereof the two courts are declared to have concurrent jurisdiction, as, for example, actions brought by or against the assignee in bankruptcy, as provided in the second section. Nor is it at all to be suggested that proceedings in bankruptcy can be initiated in this court. For that purpose, the jurisdiction of the district court is plainly exclusive.

The provisions of the second section which are relied upon are those which declare that "the several circuit courts of the United States within and for the districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case

in a court of equity." The claim that the prohibition prayed for in the petition herein is necessary to the exercise of the jurisdiction of this court in the matter of the bankruptcy of Bininger and Clark can only rest upon the ground that, by force of the language above cited, it is competent for the parties to come into this court and seek original orders and decrees, in the due and ordinary course of such proceedings, either to facilitate the completion thereof or to carry them into effect; that, the proceedings having been duly instituted, the parties have an option to apply to either court to expedite or consummate the same; and, in short, that, so soon as such proceedings have been begun, they may be continued in either court or partly in one and partly in the other. And yet, when this claim is thus broadly stated, no counsel will, we think, seriously insist that the section warrants so unprecedented and extraordinary a confusion of jurisdiction. Nevertheless, to insist that this court has jurisdiction, in the proceedings themselves, to make orders in specific execution or enforcement of the decrees or orders of the district court, involves all that is above suggested.

The superintendence and jurisdiction conferred in that clause of the second section are revisory of cases and questions arising in the district court, and contemplate a review of what is presented to that court for consideration and decision. They may include the power which, in a special and, perhaps, more restricted form, was given in the sixth section of the bankrupt act of 1841, [5 Stat. 440,] wherein authority was given to adjourn any point or question arising in any case in bankruptcy into the circuit court, to be there heard and determined; and it may be that, under the present act, the presentation of such questions and the jurisdiction of this court over them do not, as in the former, depend upon the discretion of the district court. As to this it is not necessary to express an opinion; but, in either view, the questions, or the cases presenting such questions, must arise in the district court, and their determination in this court is for either the guidance or the control of the district court. This is not a jurisdiction to assume the conduct of the proceedings, or to specifically enforce or execute the orders or decrees of that court. For that purpose, the district court has ample and exclusive power. This jurisdiction, which is given, for revisory and perhaps advisory purposes, to the circuit court, it can exercise notwithstanding the pendency and the prosecution of the actions mentioned in the petition herein. The exercise of that jurisdiction is not obstructed by any thing shown by the petition. The jurisdiction of this court in the case in question, so far as shown by the petition for the writ of prohibition, arises on a petition for a review of the adjudication made in the district court declaring Bininger

and Clark bankrupts. There is no impediment to the exercise of that jurisdiction. The alleged proceedings in the state court in no wise interfere therewith. A prohibition of such action in the state court as is set out in the petition is not necessary for the exercise of any jurisdiction in the matter of the bankruptcy of Bininger and Clark which this court has acquired. This court can review, in the manner and for all the purposes contemplated by the second section of the act, the orders, decisions and decree already made, and those which may be made in the district court. Such review cannot be rendered inoperative or ineffectual by any action of the state court. It belongs to the district court, and not to this court, to carry into execution the orders and decrees of the district court.

If, therefore, it were to be assumed that a state court stands in such a relation to a federal court, that, agreeably "to the principles and usages of law," a writ of prohibition could be issued by the latter to the former, the petition before us does not present a case in which such writ is necessary to the exercise of our jurisdiction.

We have preferred to place our decision upon the grounds above stated, not only because these questions of the construction of the second section of the act are of immediate practical importance, but, also, because they are directly involved in, and are decisive of, other motions pending before us in the same proceedings in bankruptcy mentioned in the petition.

The application must be denied.