## Case No. 1,419.

### In re BININGER et al.

[7 Blatchf. 168;[1] 3 N. B. R. 489, (Quarto, 122;) 1 Am. Law T. Rep. Bankr. 187.]

Circuit Court, S. D. New York. Feb. 11, 1870.

BANKRUPTCY — PROCEEDINGS IN BOTH STATE AND FEDERAL COURTS—ELECTION.

Where C., adjudged a bankrupt by a decree of the district court, was seeking a review of such decree by this court, and was at the same time prosecuting suits in a state court to restrain the proceedings in the district court: *Held*, that this court would not require C. to elect whether to prosecute further such review or the suits in the state court.

[In bankruptcy. Petition by the creditors of Abraham Bininger and Abraham B. Clark, bankrupts, to compel Clark to elect whether to prosecute in the circuit court his petition of review of the adjudication in bankruptcy, or to proceed with certain actions begun in the state courts. Denied.]

Francis N. Bangs, for the motion.

Roger A. Pryor, and Mr. Compton, opposed.

Before WOODRUFF, Circuit Judge, and BLATCHFORD, District Judge.

WOODRUFF, Circuit Judge. In deciding the various motions which have been presented to the court in the above proceedings, (7 Blatchf. 159, 165, [Cases Nos. 1,417, 1,418,]) the facts alleged and the claims of the parties have been more than once recited. For the understanding of the present motion, it will suffice to say, that Abraham B. Clark has brought his petition of review to this court, alleging that the decree of the district court adjudging him and his co-partner, Abraham Bininger, bankrupts, is erroneous and ought to be reversed. He has also commenced actions against the petitioning creditors, in the superior court of the city of New York, complaining of the conduct of those creditors in petitioning for such decree, and alleging that the decree is erroneous in

law and in fact, and was sought through improper motives, and by collusion with his late partner, and has obtained a temporary injunction to restrain the prosecution of such proceedings. The petitioning creditors now move that this court, by its order, require him to elect whether he will further prosecute his petition of review in this court, or those actions in the state court, and that, unless he shall elect to abandon and discontinue the latter, his said petition of review may be dismissed.

The second section of the bankrupt act, [March 2, 1867; 14 Stat. 518,] which gives to this court superintendence and jurisdiction of all cases and questions arising thereunder, and declares that the court may, upon bill, petition, or other proper process, of any party aggrieved, hear and determine the case, does not, it is true, declare, in terms, that the party aggrieved, or any party, shall have the right to invoke that superintendence and jurisdiction; but that is necessarily implied. A court of justice is not at liberty to disown its jurisdiction, or to refuse to entertain parties who apply in due form for the exercise of such jurisdiction. Where the jurisdiction is itself discretionary, it may be declined; and, where parties do not apply in the legal or prescribed manner, or in due season, or are otherwise in fault in the matter of the review sought, doubtless the court may dismiss their application; and the control of the court over frivolous and vexatious appeals of any kind, is not questionable. But we find no warrant for the suggestion, that the court can with propriety impose compulsory dismissal, as a penalty or consequence of alleged or supposed misconduct elsewhere, which has no effect to delay or impede the exercise of the power of the court in the matter of the review sought. If the party who brings his appeal or petition of review to this court, were, by the act of the appellant or petitioner, through the aid of a state court, or otherwise, hindered or delayed in the bringing of the same to a hearing, or in making other disposition thereof, a different question would arise; and the court could require that such appeal or review be brought to a hearing in due season, or be dismissed.

It would not be respectful to the state tribunal to assume that the decree or judgment of the district court, or of this court, would not there be regarded as conclusive for all the purposes for which it is conclusive here. That, however, is not to be discussed on this motion. If the party seeking the review prosecutes it in due form, and be without fault therein, we deem it proper that it should be heard.

We must, therefore, decline to require the petitioner Clark to make the election sought, on pain of a dismissal of his proceedings.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]