[No. 11325.   Department Two. — June 20, 1888.]

SAN FRANCISCO SAVINGS UNION (J. B. Randol, Substituted Plaintiff), Respondent, *v.* J. R. MYERS et al. MARK L. McDONALD, Appellant.

Consent Judgment — Presumption. — It will not be presumed in support of a judgment that it was given by consent. The consent must be shown affirmatively.

Stipulation — Record on Appeal. — A stipulation is not part of the judgment roll, and cannot be considered on appeal unless incorporated in a bill of exceptions.

Id. — What Amounts to Consent. — The words "agreed to" indorsed in pencil upon the back of the judgment and signed by counsel cannot be construed to mean anything more than that the draft properly expresses the judgment ordered by the court.

Final Judgment, when to be Directed by Appellate Court. — The running of a high rate of interest is not a sufficient reason to induce the appellate court to direct final judgment rather than a new trial.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*Edward Lynch,* for Appellant.

*William F. Herrin,* for Respondent.

*L. L. Robinson,* and *Lewis Shearer,* for certain Defendants.

Hayne, C. — Suit to foreclose a mortgage. It appears that the judgment in favor of the plaintiff was based in part upon certain expenditures which he was authorized by the mortgage to make, but which were not alleged in the complaint. That the complaint does not support the judgment is unquestionably a ground for reversal. The respondent contends, however, that the judgment was in pursuance of a stipulation. What is claimed to constitute a stipulation consists in the words "agreed to," which the transcript states appear in lead-pencil on the back of the judgment. There is nothing to show that

the judgment was based upon this "agreement," nor even when the latter was written.

Upon the motion to dismiss the appeal, it was held that the judgment was not a consent judgment, the court, per McKinstry, J., saying: "It does not appear whether they [the names] were signed before or after the judgment was rendered or entered, or, if signed before, that the words 'agreed to' were intended to mean anything more than that the draught of the decree or judgment prepared to be presented to the judge was agreed to as properly expressing the judgment ordered by the court." (72 Cal. 162.) In addition to this, it may be stated that even a formal stipulation appearing in a transcript is not a part of the judgment roll, and must therefore be incorporated in a bill of exceptions in order to constitute part of the record on appeal. (*Spinetti* v. *Brignardello*, 53 Cal. 283.) In the case of *Hopkins* v. *Wiard*, 72 Cal. 260, cited by counsel, the record on file shows that all the facts were set forth in the bill of exceptions. So that even if it be assumed in favor of respondent that a stipulation could give the court jurisdiction as to expenditures not alleged in the complaint, it does not appear from the record that there was any such stipulation. We do not think that a stipulation can be presumed. If it could, it would be necessary to have a bill of exceptions in every case to show affirmatively that the judgment was not by consent, which is certainly not the case.

The appellant asks that the judgment be not reversed, but that it be modified by striking out so much as is not authorized by the complaint, so that he shall not be subjected to a retrial in the court below. It is not suggested that the excess was not in fact due to the respondent. The avowed ground is, that, if a new trial be ordered, the respondent "would be enabled to collect interest at two per cent per month up to the entry of a new judgment." The respondent, however, is not responsible for this. The appeal is the appellant's own act. And while in a

case like the present it is in the discretion of the court to order either a new trial or a modification, it would be somewhat strange for it to act upon the principle that the respondent ought to be prevented from obtaining what will be admittedly due under his contract.

We advise that the judgment be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause is remanded for a new trial.