UNITED STATES ex rel. FISHER v. WILLIAMS, U. S. District Judge.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1895.)

No. 4.

1. DECREES—VACATING AFTER END OF TERM.
    A federal circuit court has power to set aside, on motion, after as
    well as before the end of the term, a final decree which the judge has
    been induced to enter, without examination, by false representations as
    to its character, and which he did not intend to enter.

2. CIRCUIT COURTS OF APPEALS—POWER TO ISSUE WRITS OF PROHIBITION.
    Quaere, whether the power of the circuit courts of appeal to issue
    writs of prohibition, which power they derive from the twelfth section
    of the act of March 3, 1891, extends to any cases except those in which
    the exercise of the power becomes necessary for the efficient exercise of
    the particular jurisdiction with which those courts are vested.

This was a petition by William H. Fisher for a writ of prohibition
against John A. Williams, United States district judge for the East-
ern district of Arkansas.

George H. Sanders and G. S. Cunningham, for relator.
John McClure, for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. On a previous day of the present term
the relator, William H. Fisher, obtained a rule on the respondent,
the Honorable John A. Williams, United States district judge for the
Eastern district of Arkansas, requiring him to show cause why a
writ of prohibition should not issue to prohibit him from retrying
a case said to be pending in the circuit court of the United States for
the Western division of the Eastern district of Arkansas, wherein
the relator, William H. Fisher, is complainant, and Charles M. Simon,
the Arkansas Stables (a corporation), Max Markley, J. C. Herold, and
R. B. Hornor are defendants. The information on which the rule
was obtained alleged in substance, that in the aforesaid suit a final
decree in favor of the relator, William H. Fisher, was entered at the
April term of said court for the year 1893, and that at the succeeding
October term of said court for the year 1893 said decree was vacated
and set aside by said respondent, while acting as judge of said court;
that, in vacating and setting aside said final decree at a subsequent
term of said court, the respondent had exceeded his jurisdiction, and
had acted wholly without authority of law, for which reason the re-
lator averred that the order vacating said decree was and is utterly
void, and of no effect. The return to the rule to show cause, which
has since been filed by the respondent, discloses the following facts:
That the final decree in favor of the complainant, Fisher, in the suit
above described, was entered on Saturday, October 21, 1893, the
same being the last day of the April term, 1893, of the circuit court of
the United States for the Western division of the Eastern district
of Arkansas; that said decree was handed to the respondent at
his chambers on said day by the relator's then counsel, with the re-
quest that it be signed, counsel for the complainant stating to the
respondent at the time that it was an interlocutory decree; that,

relying on such statement, and without reading the said decree, it was signed by the respondent, and subsequently entered of record by the clerk of said court; that, if the respondent had known that the document handed to him for signature was not an interlocutory decree, he would not have signed the same, or allowed it to be entered of record. The return further alleges that in the suit of Fisher v. Simon et al., above referred to, no process was ever issued or served on any of the defendants, and that none of said defendants ever entered an appearance to the action, or filed an answer therein. Counsel for the relator have filed what is termed a "reply to the return," which denies the averments of the return last above stated.. Attached to the reply are two exhibits which purport to be copies of an appearance entered by the defendants on June 5th and July 1, 1893, in the suit of W. H. Fisher v. Charles M. Simon et al. No other evidence, however, has been offered to support the denials contained in the reply, or to overcome the statements contained in the respondent's return. The record being in this condition, we are asked to grant a writ of prohibition prohibiting a retrial of the case of Fisher v. Simon et al.

Such power as this court has to issue writs of prohibition is undoubtedly derived from section 12 of the act of March 3, 1891 (26 Stat. 826, c. 517; 11 C. C. A. xx.), which confers on the circuit court of appeals the powers specified in section 716 of the Revised Statutes of the United States; and that section grants to the supreme court and the circuit and district courts authority "to issue writs of scire facias," and "all writs, not specially provided for by statute, which may be necessary for the exercise of their respective jurisdiction and agreeable to the usages and principles of law." It has been held on several occasions that a court of the United States which derives its power to issue writs of prohibition solely from section 716 of the Revised Statutes cannot issue the writ unless it becomes necessary for the efficient exercise of the particular jurisdiction with which it has been vested. In re Bininger, 7 Blatchf. 159, 3 Fed. Cas. No. 1,417; Ex parte Christy, 3 How. 296, 332; Ex parte Gordon, 1 Black. 503, 505. On the strength of these adjudications, it is strenuously urged by counsel for the respondent that the court is without power, in the present instance, to issue a writ of prohibition, because, as it is said, the act threatened to be done, to wit, the retrial of the case of Fisher v. Simon et al., is not an act which tends in any wise to obstruct, or to interfere with the proper exercise of, any jurisdiction now lodged in this court. We have not found it necessary, in the present case, to inquire as to the extent of our power to issue writs of prohibition, but it may be well to state, in explanation of the rule to show cause, heretofore entered, that when the rule was applied for an appeal was pending in this court from the order made by the circuit court of the United States for the Western division of the Eastern district of Arkansas vacating the final decree in the case of Fisher v. Simon et al. The application for the rule to show cause was doubtless based on the theory that the pendency of the appeal gave this court such jurisdiction over the case as would warrant it in granting a writ of prohibition to prevent a retrial of the case until

the pending appeal was heard and determined. Whether that view was right or wrong, we need not stop to determine, for, on the assumption that the power to issue the writ exists, we think we would not be warranted in exercising it, on the state of facts disclosed by the respondent's return. The judge certifies, in substance, that he had no intention of entering the final decree in question, that the paper handed to him for signature was represented to be an interlocutory decree, and that he signed it in that belief, without reading it, and allowed it to be entered of record under a misapprehension as to its true character. The relator has taken issue with this statement contained in the return, but he has offered no evidence to support his denial, and, in the absence of such evidence, the statement, as made, must be accepted as true. It may be conceded that if the decree had been expressed in terms which were known to the judge when he entered it, and he had merely misconceived the import or legal effect of the language employed, then the mistake would have been one of law,—an error of judgment,—such as no court can correct, on a mere motion, after the lapse of the term, by modifying the erroneous judgment, or by setting the same aside. But such was not the case. The respondent did not read the proposed decree. He relied on the statement of counsel who had prepared it that it was an interlocutory order, and, on that representation, it was allowed to be spread upon the records of the court. The judge acted under a mistake of fact; his judgment was not invoked, and was not exercised, with respect to any of the terms or provisions of the alleged decree, and for that reason it was not, in any proper sense, a judicial act. We think, therefore, that on the state of facts disclosed by the return the respondent did not exceed his powers in vacating the final decree at the October term, 1893, when his attention was called to the character of that decree. We are of the opinion that when, by a mistake of the judge, induced by erroneous statements of counsel, a decree has been entered of record, which the judge did not examine or approve, and did not intend to enter, such decree may be set aside, on motion, after as well as before the expiration of the term. We can conceive of no reason why the parties to a suit, or the court, for that matter, should be bound to any greater extent by a decree of that kind than by a judgment or decree erroneously entered in consequence of a mistake of the clerk as to the character of a judgment directed to be entered. In both cases the record is affected with the same vice, in that it is made to bear witness to judicial action that was never in fact taken. It is well settled that the record of a court may be corrected at any time, from memoranda made by the judge, or even by the personal recollection of the judge, when, through a misprision of the clerk, it fails to speak the truth, or to speak the whole truth. Bank v. Perry (decided by this court at the present term) 66 Fed. 887. And we are not aware of any substantial reason why the same rule should not be applied to the correction of errors in a record that were occasioned by a mistake of the court or judge, when they are of the character described in the case at bar. We are unwilling to concede that a litigant must resort to an original bill, or to a bill of review, for the purpose of

avoiding a decree which a court was induced to spread of record on the last day of the term, without reading it, by reason of an erroneous statement made by counsel as to the character of the decree. Entertaining these views, a writ of prohibition is denied, and the rule to show cause, heretofore entered, is discharged.