## In re NEW ENGLAND OIL-REFINING CO. et al.

(Circuit Court of Appeals, First Circuit. November 16, 1925. Rehearing Denied December 7, 1925.)

No. 1894.

**1. Appeal and error ⬤➾71(4)—Decree in receivership proceeding held not final and appealable.**

Decree in conservation receivership proceedings, vacating decree approving plan of reorganization as obtained by fraud, in so far as it ordered that receiver send notice to creditors and that expenses of such notice be paid by company, to which assets had been transferred, with reservation of question of ultimate liability, held not final and appealable.

**2. Equity ⬤➾430(1)—Even after term, court may vacate decree in equity obtained by false representation.**

Even after term at which it was entered, court has power to vacate a decree in an equity proceeding procured by false representations or misrepresentations to court.

**3. Appeal and error ⬤➾71(4)—Decree in receivership proceedings, setting aside prior decree approving reorganization plan, held final and appealable, if it impaired appellants' rights.**

Where creditor, intervening in conservation receivership proceedings and filing petition charging committee promoting reorganization plan with wasting assets, did not ask that decree be vacated, decree vacating prior decree on court's motion was final and appealable, at instance of committee or company involved in reorganization plan, if it impaired their rights under decree so vacated.

**4. Appeal and error ⬤➾151(2)—Decree in receivership proceedings held not to diminish rights of company involved in reorganization plan, so as to support appeal by it.**

Decree in receivership proceeding, setting aside prior decree approving reorganization plan in so far as such it affected rights of creditors of receivership estate, held not to diminish rights of company to which assets of receivership estate had been conveyed as part of reorganization plan, so as to entitle it to appeal therefrom.

**5. Appeal and error ⬤➾151(2)—Decree in receivership proceedings held not to diminish rights of members of noteholders' committee, so as to entitle them to appeal therefrom.**

Decree in receivership proceedings, vacating a prior decree approving reorganization plan of noteholders' committee, in so far as it affected rights of creditors, held not to have diminished rights of members of noteholders' committee, so as to entitle them to appeal therefrom.

Petition for Mandamus.

In the matter of the receivership of the New England Oil Corporation. Petition by the New England Oil-Refining Company and others for a writ of mandamus requiring judge of the District Court to allow an appeal from the order in such receivership proceeding. Petition denied.

See, also, 3 F.(2d) 424, 4 F.(2d) 392, and 8 F.(2d) 392.

Robert G. Dodge, of Boston, Mass. (Harold S. Davis, of Boston, Mass., on the brief), for petitioners.

Sherman L. Whipple, of Boston, Mass. (Frederick Foster and Claude B. Cross, both of Boston, Mass., on the brief), for respondent.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is a petition brought against Circuit Judge Anderson, sitting in the District Court, by the New England Oil-Refining Company, a corporation, and the members of a noteholders' committee, parties to the receivership proceeding of the New England Oil Corporation, to require him to allow an appeal from a decree entered October 7, 1925, on the ground that it was a final and appealable decree, affecting their rights, and that he had refused to allow an appeal.

It appears that on July 14, 1922, a creditors' bill seeking the appointment of receivers for the New England Oil Corporation was brought in the District Court, in which receivers were appointed July 22, 1922, and that the receivership has not yet terminated; that on January 8, 1923, a decree was entered for the proving of claims on or before January 24, 1923; that on January 8, 1923, the individual petitioners, as a committee representing the holders of notes of the New England Oil Corporation, were made parties in the cause upon their petition, as was the New England Oil-Refining Company, all of whose stock was owned by the New England Oil Corporation; that on January 22, 1923, the noteholders' committee filed a petition for the approval of a plan of reorganization, and on February 17, 1923, the court approved the plan and authorized the receivers to participate in it and take all necessary steps to assist in carrying out its provisions; that the plan contemplated, among other things, a

sale or transfer of the assets of the New England Oil Corporation, which consisted principally of the entire capital stock of the New England Oil-Refining Company and an equity in all the stock of the New England Oil Company, Limited, which it had pledged, a refinancing of the New England Oil-Refining Company, and the payment of the creditors of the New England Oil Corporation in new preferred and common stock of the Refining Company; that on February 26, 1923, Ernest Wiltsee was allowed to file a petition to intervene and file a petition for late proof of claim, and on June 27, 1923, was adjudicated to be a creditor in the sum of $176,000, which decree was later affirmed by this court; that thereafter, on May 8, 1924, Wiltsee filed a petition asking information as to the reorganization effected by the noteholders' committee; that upon this application the court ruled that Wiltsee was entitled to such information from the committee, as they were "fiduciaries for all parties in interest in the receivership proceeding"; that thereafter the noteholders' committee filed two written reports, the first one dated August 27, 1924, and the second May 19, 1925; that on March 13, 1925, Wiltsee filed a second petition, asking for further information, upon which hearings were had, at which the noteholders' committee submitted oral testimony in addition to the second report; that toward the close of these hearings, on July 31, 1925, Wiltsee filed a creditors' petition in behalf of himself and other creditors, which was allowed nunc pro tunc as of May 8, 1924 (1923 error), the date of the filing of his first petition.

In this petition Wiltsee challenged the validity of the reorganization by the noteholders' committee; that in presenting to the court and in carrying out said plan said committee assumed a fiduciary duty and relationship to the creditors of the New England Oil Corporation; that, instead of performing their duty with diligence and fidelity, they wasted and dissipated the assets of the Oil Corporation, which, if properly handled, were adequate to pay the creditors in full. The prayers of the petitioner were that it be decreed that the noteholders' committee had failed in their fiduciary duty, and that, by reason of such failure, they had dissipated the entire assets of the Oil Corporation that were of sufficient value to pay its debts; that said committee be ordered to pay over to the Oil Corporation a sum of money equal in value to the assets wasted, and that the receivers of the Oil Corporation be ordered to pay the petitioner the amount of his debt and expenses of litigation; or, in the alternative, in case no other creditors appeared and joined in the petition, that the noteholders' committee be ordered to pay Wiltsee directly. The petition did not ask that the decree of February 17, 1923, approving the plan of reorganization, be vacated.

October 3, 1925, Judge Anderson filed an opinion (8 F.[2d] 392) in which he found, among other things, that the noteholders' committee obtained the decree of February 17, 1923, approving and authorizing the plan of reorganization, through fraudulent representations, and were guilty of fraud in carrying out the plan, and on October 7, 1925, he entered the decree from which the present petitioners desire to appeal.

In the decree of October 7, 1925, after finding that the decree of February 17, 1923, approving the plan of reorganization, was obtained by fraud, the court made the following orders, among others:

"(1) Said decree of this court, made on February 17, 1923, approving the plan of reorganization submitted by said committee, is hereby rescinded and vacated, so far as such decree may affect the rights of Wiltsee and/or of any other creditors of said receivership estate who may hereafter join in these proceedings and be held entitled to rescind the settlement of their debt claims made by them with said committee under said plan of reorganization, but saving all rights which may have accrued to bona fide purchasers and holders of the general or second mortgage bonds, issued as a part of said plan of reorganization; saving, also, all other rights which may have accrued under said reorganization to any other parties acting in good faith and without notice of any invalidity in the proceedings of said committee with relation to said reorganization."

And, after instructing the receiver to send to all former creditors of the New England Oil Corporation, whose claims have been approved and allowed, an order of notice (prescribing what it should contain), the court further ordered:

"(8) The expenses incurred by the receiver in printing the opinion, decree, and order of notice, and mailing the same, shall, as soon as may be, be presented by him to the New England Oil-Refining Company, which shall forthwith pay the same in accordance with the order and/or stipulation of September 24, 1923, referred to on page——of the opinion of October 3, 1925. The court will entertain an appropriate application of the receiver for compensation for services to be rendered by him, and for orders for

like payment from the Refining Company. The question of the committee's ultimate liability for all such expenditures is, as set forth in said opinion, reserved. But it will be the duty of the receiver to bring this matter to the court's attention seasonably before final decree in this court."

It is the orders or decrees embraced in clauses (1) and (8) above stated that the present petitioners claim are final orders or decrees from which they are entitled to appeal. The "order and/or stipulation of September 24, 1923," above referred to as being set out in the opinion of October 3, 1925, is explained on page 94 of the record in this case, as follows:

"The receiver has now no assets in his possession. A decree was entered on September 24, 1923, making the Refining Company a party to the proceedings, and directing the receiver to transfer to the Refining Company the remaining assets in his hands, under a stipulation and/or order that the Refining Company should assume payment by it of any further compensation to, or expense incurred by, the receiver and approved by the court. This order and/or stipulation became, therefore, potentially, an asset of the receivership estate, to the extent of liability of the Refining Company under order of court to reimburse the receiver for any expense incurred or compensation awarded for further services. The expense of printing and service, and of the receiver's services in relation thereto, will, on approval by the court, be ordered to be paid primarily by the Refining Company, reserving the question of the committee's ultimate liability therefor."

[1] It is apparent therefore that that portion of the decree of October 7, 1925, embodied in clause (8), was not a final decree, first, because it was not capable of immediate execution, as it did not state the sum which the New England Oil-Refining Company was to pay to the receiver. It had not been ascertained. Secondly, it was not a final decree, for it expressly provided that the question of "ultimate liability" for these expenses was reserved for future determination. It was at most a provisional order and interlocutory in its nature.

The question remains whether the provisions of clause (1) in the decree of October 7, 1925, embody a final decree from which these petitioners may appeal. In that clause of the decree the court rescinded and vacated the decree of February 17, 1923, approving the plan of reorganization submitted by the committee *"so far as* such decree may affect

the rights of Wiltsee and/or of any other creditors of said receivership estate who may hereafter join in these proceedings and be held entitled to rescind the settlement of the debt claims." As the petition of Wiltsee, filed nunc pro tunc as of May 8, 1924, did not ask that the decree of February 17, 1923, be vacated, and as it does not appear that any motion was made in behalf of Wiltsee asking for such an order, it is evident that the order contained in clause (1) of the decree was entered by the court of its own motion and must be so considered.

As a subsidiary question to the main question, counsel for the petitioners have questioned the power of the court to vacate the decree of February 17, 1923, in whole or in part, on motion of Wiltsee or on its own motion, after the term at which it was entered had expired.

[2] There is authority for the proposition that, where a decree in an equity proceeding has been procured through false representation or misrepresentation to the court, and would not have been entered except therefor, the court in which the decree was entered has power, even after the term, to vacate it on motion. See Winslow v. Staab, 242 F. 426, 431, 155 C. C. A. 202; United States ex rel. Fisher v. Williams, 67 F. 384. In the first of these cases it was pointed out that a court of equity, which could protect against a judgment obtained at law by fraud, accident, or mistake, was not powerless to relieve from a decree so obtained, and that the only question was whether the parties seeking the relief should be required to file a bill to set the decree aside, or whether the court had on motion power to set it aside without filing of a bill, all the parties in interest being before it, and it was held that it had power to do so on motion. With this we are inclined to agree.

[3] It is further contended by the present petitioners that, if a decree in an equity proceeding obtained by a false representation to the court may, after the term, be vacated on motion in that court as well as on an original bill, the parties being before it, a decree vacating a prior decree, based upon a bill or motion asking for such relief, is a final decree, as it ends the proceeding instituted by the bill or motion. Hendryx v. Perkins, 114 F. 801, 808, 52 C. C. A. 435. That was a decision in the Court of Appeals for this circuit. In that case, after pointing out that the decree appealed from was entered on an original bill to impeach a prior decree for fraud, the court at page 808 said:

"Even if the bill in the proceeding appealed from had not been strictly original, and were only a bill of review, the decree, nevertheless, is, as we have shown, of such a character as to make it final. It leaves nothing further to be done in this cause. It reinstates the original suit on the pleadings as they appeared at the time of the hearing on bill and answer, and all other proceedings must be in that case."

The action of Judge Anderson in entering of his own motion the order contained in clause (1) of the decree of October 7, 1925, vacating the prior decree presents a like situation to that before the court in Hendryx v. Perkins. He initiated the proceeding and ended it by his decree. It was a final decree, and may be availed of by these petitioners as a basis of appeal, provided it impaired their rights under the decree vacated.

[4] So far as the New England Oil-Refining Company is concerned, it seems clear that clause (1) of the decree, read in connection with Wiltsee's petition and the opinion of the court of October 3, 1925, did not diminish the rights of that company under the decree of February 17, 1923.

[5] Have the individual petitioners, the noteholders' committee, rights in the decree of February 17, 1923, which were diminished or taken away by the decree of October 7, 1925? If they have not, the application for mandamus should be denied.

It is evident that the proceeding brought by Wiltsee is in the interest of the estate of the New England Oil Corporation, and was brought by permission of the court to cover into that estate a sum of money sufficient to compensate it for damages it sustained at the hands of the noteholders' committee, out of which parties ultimately interested in the estate, and who have not participated or acquiesced in the fraud, may be compensated. It does not seek to have the assets of the estate that were turned over to the New England Oil-Refining Company under the reorganization plan returned, but seeks damages occasioned by the note holders' committee to the receivership estate through its fraud and mismanagement. So far as we can see on this record, clause (1) of the decree of October 7, 1925, in no way affects the obligation of the noteholders' committee to reimburse the receivership estate for their fraud. It simply affects the rights of creditors of the New England Oil Corporation to participate in the fund after it is covered into the receivership.

We are therefore of the opinion that, although the decree of October 7, 1925, may be final in so far as it affects the receivership estate and the rights of creditors in the fund that may be covered into it, it is not appealable as respects the noteholders' committee, for that committee has no interest affected by that branch of the decree.

The order is:

Petition denied.

## On Petition for Rehearing.

PER CURIAM. Since our opinion in this case was handed down on November 16, 1925, the noteholders' committee have petitioned for a rehearing, claiming that we misapprehended the situation in concluding that the committee had no interest in the decree of February 17, 1923, that was affected by clause (1) of the decree of October 7, 1925.

It is contended that, if clause (1) of the decree of October 7 is final, it concludes the committee from having the question of fraud found against them hereafter reviewed, unless they may now appeal from it. This is not so. Although the District Court has found that the committee through their fraud damaged the receivership estate of the Oil Corporation it has not determined the amount of damages. When that question is determined and fixed by a decree, it will then be open to the committee to appeal therefrom and have the question of fraud reviewed in this court, and if it should be held that there was no fraud, they clearly would not be harmed by clause (1) of the decree of October 7, so far as it vacated the decree of February 17, for they could not be required to pay anything to the receivership estate. If they have been guilty of fraud that has damaged the receivership estate, they are responsible thereto for all the damage they have occasioned it, without regard to whether the decree of February 17 is or is not vacated. The modification of that decree could have been made as well after it had been ascertained and decreed in the District Court what the receivership estate was damaged by their fraud as at the time it was.

After the damage sustained is covered into the estate, it will go to creditors of the estate who have not consented to the fraud, and any balance will belong to the stockholders of the Oil Corporation, on their obtaining a like modification of the decree of February 17 as respects them. The modification of the decree of February 17 is material only as releasing the creditors and stockholders of the Oil Corporation from being bound to take or keep the stock of the

Oil-Refining Company in the settlement of their claims with the estate.

Petition denied.