[No. 3352. March 29, 1930.]

MORRISON & PARDUE v. ROBERTS-DEAR-BORNE HARDWARE CO.

[287 Pac. 290.]

Dover Phillips, James W. Stagner, and Caswell S. Neal, all of Carlsbad, for appellant.

Neumann & Bujac and Charles H. Jones, all of Carlsbad, for appellee.

## OPINION OF THE COURT

SIMMS, J.

Appellant, plaintiff below, brought suit against appellee to recover damages for the conversion of certain cotton upon which it claimed a lien by virtue of two chattel mortgages, one of which described the "cotton crop which we expect to plant" on certain land, and the other "all the crops of every kind being grown" on the same land. The defendant demurred to the complaint on the ground that the mortgages were void because given upon chattels not in existence. Judge Chas. R. Brice, then in office, overruled the demurrer and directed defendant to plead further. The plaintiff elected to file his first amended complaint, with leave, before the defendant had answered the original. Thus the matter stood for some time, during which Judge Brice resigned and Judge Granville A. Richardson succeeded him. The defendant interposed to the first amended complaint which declared on the same mortgages and in practically the same terms, a second demurrer which was a copy of the one which Judge Brice overruled, and which tendered the same questions of law as those adversely decided. Hearing on this second demurrer was noticed, and when Judge Richardson went to Carlsbad to hold court the attorney for plaintiff notified the defendant's counsel that he desired leave to file a second amended complaint which he had prepared and ready, and they consented to a pro forma order sustaining the pending demurrer to the first amended complaint, which order was

thereupon entered without argument or hearing. The second amended complaint was filed the same day, and is in substance similar to the first two, but the prayer was for a different class of relief. To this second amended complaint defendant interposed a motion to strike and for judgment on the ground that by sustaining the demurrer to the first amended complaint, the court had decided the mortgages involved invalid and that such was the law of the case. The court sustained the motion to strike, overruled the request of the plaintiff to vacate the pro forma order sustaining the demurrer to the first amended complaint on the ground that the court was without power to do so, and entered judgment for the defendant, from which judgment this appeal is prosecuted.

Appellant admits the correctness of appellee's statement of the law to the effect that where a demurrer is sustained and a party pleads over, such party waives the error, if any, committed in sustaining the demurrer. Here it is also conceded that the purpose of the provisions of our Code permitting amendments is not to permit the restatement in the same form of a defective cause of action, since such repetition would be endless. But appellant contends that under the facts shown by the record, he was harshly and unjustly dealt with in the matter of a pro forma order, and that the effect is to deprive his client of a hearing on the merits. Appellee urges that the appellant has placed himself in his position and must abide by it.

From the record as we view it, there can be no question but that counsel for appellant proceeded upon the erroneous theory that some order must be made as to the demurrer against the first amended complaint, before he could file his second amended complaint, even with leave. Manifestly this is not the fact, for the very filing of the subsequent complaint would have eliminated, without an order, the pending demurrer. It would have been rendered nugatory. We might feel compelled to leave appellant where he put himself, were it not for the evident fact that counsel for appellant did not intend to abandon Judge Brice's favorable ruling nor consent to an order the effect of which was to reverse that ruling and establish the validity of a demurrer which the defendant had no right

to file, and which was previously adjudged against him. We think the practical solution of the matter is to treat the order sustaining this second demurrer as inadvertently entered in the form used and that it should have been treated as permission to withdraw the first amended complaint and file a second. Thus regarded, the first amended complaint is eliminated from the case without adverse ruling, and the second amended complaint could and should have been allowed to take the place of the original complaint which was never adjudged insufficient. That the trial court had power to vacate the pro forma order at the time application was made, we do not doubt, and we feel that he should have done so under the peculiar circumstances presented.

We therefore conclude that the order and judgment striking the second amended complaint and dismissing the case should be reversed, and the cause should be remanded with directions to vacate the order sustaining the demurrer to the first amended complaint, and to require the defendant to plead to the second amended complaint as it may be advised, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and CATRON, JJ., did not participate.