14 P.(2d) 738

## MORRISON & PARDUE v. ROBERTS-DEARBORNE HARDWARE CO.

No. 3664.

Supreme Court of New Mexico.

Sept. 8, 1932.

James W. Stagner and Caswell S. Neal, both of Carlsbad, for appellant.

James N. Bujac and Charles H. Jones, both of Carlsbad, for appellee.

WATSON, J.

On a former appeal, the then judgment was reversed and the cause remanded with di-

rection to vacate the order sustaining the demurrer to the first amended complaint, and to require the defendant to plead to the second amended complaint as it might be advised. Morrison & Pardue v. Roberts-Dearborne Hardware Co., 34 N. M. 636, 287 P. 290.

The present appeal is from a final judgment for defendant after the sustaining of its demurrer to the second amended complaint and the refusal of the plaintiff to plead further.

The ground of demurrer was thus stated: "That the second amended complaint on its face shows that the chattel mortgage upon which this action is based is void for the reason that it was given upon a cotton crop not in existence, and that the cotton crop purported to be included and covered thereby was not a growing crop at the date of the execution and filing of said mortgage in the office of the county clerk of Eddy County, New Mexico."

This proposition does not differ in substance from that on which the original complaint was attacked, which attack was overruled by Judge Brice. In the meantime, however appellant had abandoned its theory of recovery of damages at law, as for conversion. The second amended complaint seeks, as from equity, a declaration of trust, and a decree for the property itself or for its value.

Under our present statute (1929 Comp. St. § 21-401), the mortgage here in question would be valid either in law or in equity. But that statute was not in force when the present mortgage was given, and the present suit commenced.

The act of 1876 (1915 Code, § 566) provided: "Personal property of every description is hereby declared to be subject to mortgage, in accordance with the provisions of this chapter: Provided, That no authority is given to mortgage growing crops, until the same shall be matured and gathered; and any mortgage given on such growing crops is hereby declared to be null and void and of no effect."

This was repealed in 1915, and it was enacted: "That personal property of every description, including growing crops, is hereby declared to be subject to mortgage in accordance with the provisions of this Act." Laws 1915, c. 71, § 1.

Appellee relies upon American Trust & Savings Bank v. Cotton Finance & Trading Corp., 10 S.W.(2d) 186, where a Texas Court of Civil Appeals, in the absence of a decision by this court, interpreted these New Mexico statutes for itself. The mortgages there involved were held invalid. The reasoning was that as, by express enactment, crop mortgages had been void since 1876, the 1915 act should be deemed to have changed "the long-established law and policy of the state" only to the extent clearly appearing in the later enactment; that is, to the extent of authorizing the mortgage of *growing* crops. So, it held mortgages of crops not as yet planted, still void.

This reasoning would be sound if the two provisions were to be construed together. But

the 1876 provision having been repealed (Laws 1915, c. 71, § 10), we do not see how it can affect the matter. The repeal of a statutory provision calls in the common law to take its place. Beals v. Ares, 25 N. M. 459, 185 P. 780. Indeed, the 1915 provision is merely declaratory of the common law, as we understand it. It restored growing crops to the class of mortgageable personal property.

True, under the 1876 provision there could be no valid mortgage of crops not yet planted. That was not because of any hostility to mortgages of after-acquired property in general. It was because crops, until severed, were deemed not a proper subject of mortgage. Crops, not after-acquired property, was the subject of both provisions.

So, we think that we are exactly where we would have been if neither the 1876 nor the 1915 provision had been enacted. How stands the case at common law?

It is the generally stated rule that as against subsequent purchasers and attaching creditors, a mortgage on property subsequently to be acquired, and in which the mortgagor has no present or potential interest, is void. 11 C. J., Chattel Mortgages, § 44.

But potential interest or existence is noted as an exception to the rule at law as just stated, and the familiar example of the exception is crops soon to be planted. 3 Pomeroy's Eq. Juris. (4th Ed.) § 1236; 11 C. J., Chattel Mortgages, § 51; note, Mortgage on Crops, 10 L. R. A. 490; note, Mortgage of After-Acquired Property and of Property Having only a Potential Existence, 46 Am.

Dec. 712; note, Mortgage of Property to be Afterward Acquired, 109 Am. St. Rep. 510, loc. cit. 520.

If, as the authorities just cited suggest, crops presently to be planted, are to be held at law as properly mortgageable because they have a potential existence, the ruling of Judge Brice was correct, and appellant might have maintained his original claim for damages as for conversion. That we need not now decide, since appellant saw fit to abandon that claim for the surer resort to equitable principles and relief.

By the second amended complaint appellant takes the position that even if its mortgage is not good at law, it is valid and enforceable in equity. It has been laid down that, according to the weight of authority: " * * * A mortgage of future property, although invalid at law, is good in equity as against the mortgagor and all persons claiming through him with notice, or voluntarily, or in bankruptcy, even if the mortgagee has not taken possession of the property and the mortgagor has done no new act to confirm the mortgage." 11 C. J., Chattel Mortgages, § 48.

This court seems to be committed to that view. In Smith & Ricker v. Hill Brothers, 17 N. M. 415, 134 P. 243, 246, in distinguishing a mortgage wherein the mortgagor falsely claimed a present interest, from one which purported to cover an interest thereafter to be acquired, Parker, J., said: "In those cases [where the mortgage purports to cover property to be acquired in the future] there is a

plain intent manifested to charge future property with a mortgage lien as soon as acquired by the mortgagor, and equity, regarding 'that done which ought to be done,' construes the mortgage as a continuing contract to mortgage, executes the contract, and enforces the lien." To this proposition he cited the authorities above cited by us.

Whether bound or not by this decision, we see no reason to depart from the doctrine. If sound as applied to personal property in general, it is certainly correct as to crops presently to be planted. It follows that the demurrer to the second amended complaint should have been overruled.

Appellant contends that it is entitled to judgment upon the present record. Its theory is that the original ruling of Judge Brice sustained the mortgage as good at law; that this court, by its previous decision, had sustained it as good in equity; that, therefore, it was the duty of appellee to answer the second amended complaint, on its restoration to the docket; and that it should not have another chance to do so.

This contention we cannot sustain. After the original ruling by Judge Brice, appellee had the choice of standing on its demurrer or pleading over. Appellee was relieved of this election when appellant itself refused to stand on the ruling and determined to file a second amended complaint substantially changing the theory of recovery. This court has not previously determined the merits of the demurrer as going to the original or either of the amended complaints. We re-

manded the cause with a direction that appellee be required to plead to the second amended complaint "as it may be advised."

The judgment must be reversed. The cause will be remanded, with a direction to set aside the order sustaining the demurrer to the second amended complaint, and to permit appellee to answer it. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

SADLER, J., did not participate.