18 P.(2d) 1021

## MOZLEY v. POTTEIGER.

### No. 3751.

Supreme Court of New Mexico.

Jan. 30, 1933.

Joseph Gill, of Albuquerque, for appellant.

Geo. C. Taylor, of Albuquerque, for appellee.

BICKLEY, J.

Plaintiff sued for personal judgment for balance due upon a written building contract, to recover price of construction of a building, and for a foreclosure of a mechanic's lien upon the premises improved. Defendant appeared, and, upon a trial, the court, on August 31, 1931, rendered judgment against defendant: "For three hundred ten dollars ($310) together with attorney's fees and costs, for which let execution issue."

The judgment contains the further recital:

"And it is further ordered, adjudged and decreed that the mechanics and materialmen's lien be and the same is hereby foreclosed and that unless within sixty (60) days hereafter the defendant, George Potteiger, pay or cause to be paid to the plaintiff the sum herein adjudged to be due, the real estate hereinabove described shall be sold at public auction to the highest and best bidder for cash,   *   *   *

"Ordered that Joseph Gill be allowed the sum of $50.00 for foreclosure of the said mechanics lien, as provided by Sec. 82-213 Compiled Laws 1929, the same to be paid by the defendant."

On October 1, 1931, the defendant moved to vacate and set aside the decree and for a corrected decree, for the following reasons:

"That the decree entered herein is contradictory and inconsistent in that one of the paragraphs of said decree provides that defendant, Potteiger, shall pay the sum of $310.00, plus attorney's fees and costs within sixty days, while the other paragraph provides for a Judgment for $310.00 with attorney's fees, and directs the issuance of an execution without sixty days stay of execution, and that the Plaintiff is seeking to take advantage of his decree on the chancery side of the court, relieved of its sixty days stay of execution, in order to levy on personal property of the defendant, under a Judgment for money, which of necessity, must have been granted on the Law side of the Court.

"That this proceeding is essentially an equitable proceeding wherein Plaintiff sought by foreclosure to establish a mechanic's Lien upon certain real estate of the defendant.

"That in the event that the Plaintiff had sought a money judgment, then defendant would have been entitled to a jury trial.

"That Plaintiff having elected to pursue his course upon one of the contradictory Judgments, or decrees, rendered by this Court, has thereby waived his right to take advantage of the other, or the Decree granted on the Equity side of the Court.

"That the $50.00 attorney fee now included in the amount for which execution was issued, is not collectable under execution upon a money Judgment granted by a court of Law.

"That the title of the document signed by the court, to-wit: 'Decree' is misleading and incorrect in that the so-called decree purports in part to be a Judgment, which could not have been rendered under the pleading filed by Plaintiff wherein he sought the aid and relief afforded only by a court of Equity."

On October 8, 1931, after hearing on the motion, the court vacated the decree "for the purpose of entering a correct decree herein," and then recalled the execution theretofore issued on the judgment forming a part of the judgment and decree.

From this order plaintiff, Mozley, appeals. The parties will be referred to herein as in the court below.

The court, in sustaining the motion of defendant, said: "The motion was filed a day too late to bring it within the thirty day period during which the court has control of a judgment for purpose of correction or amendment, consequently some irregularity must be shown if the motion is to be sustained. The court signed a final decree after it had been initialed by attorneys for both parties and, because it had been thus approved, the court did not read it or consider its terms. The complaint presents but one cause of action and there is no problem of joinder of causes of action. The complaint is an ordinary bill in equity seeking foreclosure of mechanic's lien and praying for a deficiency judgment, and the court intended to give no decree except for foreclosure. The court is aware that mere legal error does not constitute an irregularity and the mere inclusion of a personal

judgment in a decree would not in itself constitute an irregularity, but the inclusion of a personal judgment creates a situation which the court thinks is manifestly an irregularity because the terms of the decree are so inconsistent as to make it unenforcible. In one paragraph the defendant is given sixty days within which to pay, while in another paragraph it is ordered that execution issue for the entire amount of the judgment. The decree on its face is wholly irreconcilable, inconsistent and ambiguous, and this circumstance, the court feels, constitutes an irregularity. The court desires to correct this decree and is glad to seize upon the patent inconsistency to give him jurisdiction."

Appellant, plaintiff below, presents the following points upon which he bases his claim for reversal:

"1. Has the trial court jurisdiction to vacate, set aside or modify the decree entered in this cause on August 31, 1931, on motion filed by defendant more than thirty days thereafter.

"2. Is there any irregularity shown in the record as a basis for vacating or modifying the decree more than thirty days after its entry.

"3. Is the plaintiff entitled to a judgment both in personam and a decree foreclosing the mechanics lien under the findings in this decree."

On this review, the primary question is whether there was irregularity in the judgment which gave the court jurisdiction to vacate it within one year. 1929 Comp. St. § 105-846.

The learned trial judge found the irregularity to consist in the fact that the judgment embraced both a recovery in personam and an order of foreclosure and sale. Not, as he says, that the inclusion of the personal judgment itself would be an irregularity, but that its inclusion with the award of immediate execution is wholly irreconcilable with the grant of sixty days for the payment of indebtedness adjudged before the property subjected to the lien could be sold, and that this inconsistency renders the judgment ambiguous and unenforceable.

The court was doubtless correct in saying that the mere inclusion of a personal judgment would not constitute an irregularity. Porter v. Alamocitos Land & Livestock Co., 32 N. M. 344, 256 P. 179.

We fail to understand where the inconsistency is to be found in the judgment, or how it becomes ambiguous or unenforceable. The two forms of relief granted are independent of each other. We see no inconsistency in the result that appellant was allowed to have his execution at once, while his foreclosure sale must be postponed for sixty days. His execution sale would require four weeks' publication. He already had his mechanic's lien. To give him the execution simply permitted him to acquire an execution lien. If a creditor is entitled to both forms of relief, he must have them under the provisions of law, and, unless the law prescribes in such cases that the execution sale and the foreclosure

sale shall take place at the same time, there is nothing inconsistent in the result that they occur at different times, or that the execution sale may precede the foreclosure sale. There is no more inconsistency here than when a mortgagee of lands is given both remedies, as in Porter v. Alamocitos Land & Livestock Co., supra. The same statute, under which the court acted in granting sixty days for satisfaction of the indebtedness before sale, gives the same privilege to a mortgagor. Laws 1931, c. 149, § 1. When the Porter Case was decided, the time was ninety days.

So we are unable to uphold the order on the ground on which the trial court placed it.

Appellee argues that the court has inherent power independently of statutes to vacate or modify its judgment where it "was signed and entered inadvertently without having been read. The record did not speak the truth, and was not, in fact, the judgment of the court."

No such ground is set up in the motion, nor did the trial court place the action on any such ground. That the judgment signed differs by inadvertence from that rendered, or intended to be rendered, cannot be admitted here for the reason, if for none other, that the record does not support the assertion. The affirmative fact stated by the trial court in its opinion is that he signed the judgment without reading it or considering its terms, because it had been previously initialed by attorneys for both parties. He was perfectly justified in doing this, but the result is that he rendered the judgment just as it appears in the record. There was no inadvertence about it. The judgment does speak the truth. The judge intended to render whatever decree was shown to be satisfactory to both parties. We do not think the fact that the judge was unaware that personal judgment was included, and that his undisclosed intention was to award foreclosure only, can bring the case within the principle urged by appellee. We doubt, either, if we should hear counsel to object to this judgment on such ground after predecessor counsel had initialed the form and led the court into error, if there was any. It is a noticeable fact that the motion makes no point that there was any inadvertence or misunderstanding in the case.

There is some discussion between counsel as to whether the complaint warranted the award of both forms of relief, under the doctrines of Porter v. Alamocitos Land & Livestock Co., supra. We need not here pursue the matter. As held in that case, the question is not jurisdictional, and, if wrongly decided, is error, not irregularity.

Some complaint is made that the court attempted to include attorney's fees for the foreclosure in the personal judgment. While there is ambiguity in this respect, we do not so interpret the judgment. We have understood counsel for appellant to state that, unless foreclosure is resorted to, no claim will be made to collect attorney's fees.

From all of the foregoing, it appears that the order vacating and setting aside the judgment must be reversed, and it is so ordered.

WATSON, C. J., and SADLER, J., concur.

ZINN, J., did not participate.

HUDSPETH, J. (dissenting).

I am unable to concur in the opinion of the court. In reviewing the lower court's action, I take it we should be guided by the rule stated in State Trust & Savings Bank et al. v. Hermosa L. & C. Co., 30 N. M. 566, 240 P. 469, 477, as follows: "Our review is for the correction of an erroneous result, rather than merely to approve or disapprove the grounds on which it is based."

The trial court correctly designated the complaint in this case as "an ordinary bill in equity seeking the foreclosure of a mechanic's lien, and praying for a deficiency judgment." If the trial court's interpretation of the pleading is permissible, it should be followed. Summerford v. Board of County Com'rs, 35 N. M. 374, 298 P. 410; Johnson v. City of Santa Fe, 35 N. M. 77, 290 P. 793. True, it contains an allegation of indebtedness, but the existence of a present indebtedness on the part of the defendant is the very foundation of the right of foreclosure of a mechanic's lien. Young v. Vail, 29 N. M. 324, 222 P. 912, 34 A. L. R. 980. It is, in my judgment, a mistake to extend the doctrine of the case of Porter v. Alamocitos Land & Livestock Co., 32 N. M. 344, 256 P. 179. If the defendants must proceed upon the theory that there is concealed in every bill for the foreclosure of a mechanic's lien another count for a judgment at law, and move that the causes be separately stated, it will result in much unnecessary delay. Of course, under proper pleadings the plaintiff would have been entitled to personal judgment and forthwith execution thereon

for the $310, but not for the attorney's fee. All parties below interpreted the judgment as including the attorney's fee, which was allowed in the second paragraph above the judgment, in the following language: "The court further finds that it was necessary to employ an attorney to foreclose the said mechanic's lien and that a reasonable fee therefor allowed by the court is the sum of $50.00."

The defendant's attorney was negligent in initialing the prepared form of decree, and contributed to the deception of the court thereby, but his action did not make it a judgment by consent. San Francisco Savings Union v. Myers, 76 Cal. 624, 18 P. 686; 3 Freeman on Judgments (5th Ed.) p. 2765. And in Morrison & Pardue v. Roberts-Dearborne Hdw. Co., 34 N. M. 636, 287 P. 290, we recently afforded relief where counsel had inadvertently consented to the entry of an order. On the thirty-first day after the entry of the judgment and after the execution issued thereon, including the $50 attorney fee, had been levied upon the personal property of defendant, the same attorney who had initialed the form of judgment entry filed the motion for the modification of the decree. Plaintiff's offer in this court to reduce his execution lien the amount of the attorney's fee should be given no consideration in reviewing the action of the trial court.

If it was not a consent judgment, it must have been the judicial determination of the court in order to take it out of the class of clerical errors or irregularities. The question as viewed by the trial court, apparently,

and as I view it, is: Will a judgment not pronounced, not supported by the pleadings, and inconsistent with the decree rendered, if inserted by counsel in the prepared form (and not called to the attention of the court at the time it is presented for signature), stand beyond the jurisdiction of the trial court after the expiration of the thirty-day period.

In Crichton et al. v. Storz et al., 20 N. M. 195. 147 P. 916, an amendment, made after the term, of a decree, entered through inadvertence, foreclosing a mechanic's lien, was upheld.

In Zintgraff v. Sisney et al., 31 N. M. 564, 249 P. 108, Mr. Justice Watson, in the opinion of the court, stated the general rule, as follows: "So, also, the court may modify a judgment 'so as to correct what was evidently a purely clerical error.' U. S. v. Irrigation Co., 13 N. M. 386, 85 P. 393. In the last-mentioned case, subsection 85 of the Code (Code 1915, § 4167) was cited as authority for the amendment; but the court might have relied for the ruling upon the general power of courts to correct clerical errors in judgments to make them speak the truth and represent the judgment actually pronounced. 34 C. J. 229; 15 Standard Ency. of Proc. 118; 5 Ency. of Pl. and Pr. 1053; 15 R. C. L. 679."

The term "clerical errors" is not used in a narrow sense, and it includes mistakes of court and counsel apparent on the record, which cannot be attributed to the exercise of judicial discretion. Ex parte Marks, 136 F. 168, 69 C. C. A. 80, 34 C. J. 227.

1 Freeman on Judgments (5th Ed.) p. 284, says: ."But, 'clerical' is employed in a broad sense as contradistinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge"—citing Ford v. Tinchant, 49 Ala. 567; Bessemer Irrig. Ditch Co. v. West Pueblo Ditch & Reservoir Co., 65 Colo. 258, 176 P. 302; Ives v. Hulce, 17 Ill. App. 30 and other cases. Other cases are reviewed in annotations in 10 A. L. R. 588, and 67 A. L. R. 842.

In U. S. v. Williams (C. C. A.) 67 F. 384, 386, a case where the trial judge had signed a decree without reading it and, after the expiration of the term, set it aside, the court said: "We can conceive of no reason why the parties to a suit, or the court, for that matter, should be bound to any greater extent by a decree of that kind than by a judgment or decree erroneously entered in consequence of a mistake of the clerk as to the character of a judgment directed to be entered. In both cases the record is affected with the same vice, in that it is made to bear witness to judicial action that was never in fact taken."

See In re New England Oil-Refining Co. (C. C. A.) 9 F.(2d) 344; Bostwick v. Van Vleck, 106 Wis. 387, 82 N. W. 302; Chase v. Whitten, 62 Minn. 498, 65 N. W. 84; Bemmerly et al. v. Woodward, 124 Cal. 568, 57 P. 561.

Ambiguity and inconsistency in a decree is an irregularity which the trial court may cure after the expiration of the term. Clemens v. Gregg, 34 Cal. App. 272, 167 P. 299; Sabine Hardwood Co. v. West Lumber Co. (D. C.) 238 F. 611; 34 C. J. p. 236.

Being of the opinion that the district court had jurisdiction to modify the decree, and that it committed no error prejudicial to plaintiff, I dissent.